# JAMES A. CHADSEY, Appellant, *v.* JAMES G. McCREERY, Appellee.

### APPEAL FROM SCHUYLER.

A note payable to James G. McCreery, treasurer of the R. I. & A. R. R. Co., is not a note to the company, but to the individual named. The addition to his name is merely *descriptio personæ.*

Where the name of a corporation consists of several words, the transposition, omission or alteration of some of them, may not be regarded as important, if it is evident what corporation is intended.

AT the October term of the Schuyler Circuit Court, appellant commenced an action of assumpsit against appellee, on a promissory note payable to James G. McCreery, treasurer of the Rock Island and Alton Railroad Company, the declaration containing special and common counts.

Defendant filed four pleas; the first as follows: " And the said defendant comes and defends the wrong, etc., and says, plaintiff *actio non*, because he says that the several causes of action in the said plaintiff's declaration contained, are one and the same cause of action, to wit, the cause of action specified in the said plaintiff's first count; and the said defendant avers, that at the time of signing the said note the said plaintiff falsely and fraudulently represented to the said defendant that he was treasurer of the Rock Island and Alton Railroad Company; that as such treasurer he was empowered to collect subscriptions to stock of said road; that the defendant was a

subscriber for ten shares of stock of said road; that if this defendant would execute said note as a payment therefor, he (the said plaintiff) would cause certificates of said stock to be issued and given tot his defendant. And the said defendant avers, that he had subscribed for ten shares of stock in the Alton and Rock Island Railroad Company, and believing the execution of said note to be a payment for said stock, and that he would be entitled to certificates for shares of said stock, executed and delivered said note to said plaintiff, which was the whole and only consideration for said note; whereas, in truth and in fact, there was and is no such company as the Rock Island and Alton Railroad Company, and the said plaintiff was not and never has been treasurer of such company, and the said plaintiff never was the owner or had the power to cause certificates of the stock of the Rock Island and Alton Railroad Company to be issued or given to this defendant—by means whereof, the consideration of said note has wholly failed. And this the defendant is ready to verify."

Second plea, "Failure of consideration."

Third plea, "Note executed without good consideration."

Fourth plea, "General issue."

The defendant filed his joint and several demurrer to the first, second and third pleas, which was overruled to the third and sustained to the first and second. Issues on third and fourth pleas. Trial, and verdict for plaintiff below for amount of note and interest. Motion for new trial overruled and judgment for plaintiff.

Errors assigned: the court erred in sustaining demurrer to first plea; in rendering judgment for plaintiff; and in overruling motion for new trial.

J. S. BAILEY, for Appellant.

M. HAY, for Appellee.

BREESE, J. This suit was not brought by a corporation, and consequently, no question of misnomer of a corporation can arise. The note is made payable to the appellee, who is described to be the treasurer of the Rock Island and Alton Railroad Company. It is mere description of the person, and if erroneous, cannot vitiate. The fact appears to be, that the true name of the railroad company is Alton and Rock Island. The transposition can be of no manner of consequence in this suit. There can be no doubt what road was meant of which the appellee was the treasurer. In 1 Kyd. 237, it is said, as the name of a corporation frequently consists of several words, the

transposition, interpolation, omission or alteration of some of them may make no essential difference of their sense.

It is held, in a devise to a corporation, if the words, though the name be entirely mistaken, show that the testator could only mean a particular corporation, it is sufficient, as for in stance, a devise to the inhabitants of the South Parish may be enjoyed by the inhabitants of the First Parish, "The First Parish" being the legal name. 3 Pickering, 237.

There is no evidence preserved in the record except the note, so we cannot know but that it was abundantly proved what corporation was understood and meant, by the description in the note. That the Alton and Rock Island Railroad Company are liable to issue stock on the payment of this note, there can be no doubt. The judgment is affirmed.

*Judgment affirmed.*