## LESTER *et al. v.* McINTOSH.

1. An action upon a promissory note payable to the order of a named person, with the word "president" written after his name in the note, is maintainable by such person in his individual capacity; nor does it matter that his name in the declaration is followed by the words "president of," and other words purporting to express the name of a corporation. Such an action is to be treated as one brought by the individual named.

2. Where the petition in a civil action is signed·by an attorney at law, the person sued can not set up as a defense that the action was brought "without the authority or direction" of the person named as plaintiff. The manner in which the right or authority of an attorney at law to bring an action may be inquired into is pointed out in section 4423 of the Civil Code.

3. Where an action is brought against endorsers of promissory notes, which are described in a paragraph of the plaintiff's petition, and in answer to this paragraph the defendants allege that they endorsed notes of like amount, and add: "Whether or not the notes sued on are the ones which defendants endorsed, defendants do not know, and for that reason can not answer," the allegations of such paragraph will be taken as true. There was no error in striking such an answer.

Argued June 4, — Decided July 8, 1897.

Complaint on notes.    Before Judge Reid.    City court of Atlanta.    September term, 1896.

*Burton Smith,* for plaintiffs in error.
*Thomas W. Latham,* contra.

FISH, J.    Suit was brought in the city court of Atlanta, in the name of "B. L. McIntosh, president of the South Atlanta Land Co.," against George E. Hoppie as principal, and Burton Smith and J. F. Lester as endorsers, upon two promissory notes payable "to the order of B. L. McIntosh, president." Smith and Lester pleaded, that "There is a variance between the

copy notes attached to plaintiff's declaration and the notes in the bill, in this, that the notes are payable to 'B. L. McIntosh, president,' and the declaration is in the name of 'B. L. McIntosh, president of the South Atlanta Land Co.'"; that "plaintiff should not recover in this case, because they have sued in the name of 'B. L. McIntosh, president So. Atlanta Land Co.,' and the notes in law are to be considered notes of B. L. McIntosh"; that "said suit is brought without the authority or direction of B. L. McIntosh, and he so informed defendant Burton Smith"; and that, "said notes being in law payable to B. L. McIntosh and to him alone, no one is authorized to sue thereon." These pleas were stricken on demurrer, and defendants, Smith and Lester, excepted.

1. The word "president," written after the name of McIntosh to whose order the notes were payable, was merely a descriptive term, and must be considered as meant simply for the purpose of identifying him, and not as indicating that the notes were payable to him in any official capacity. "An addition to a name or signature; as 'chairman,' 'president,' 'agent,' 'assignee,' 'executor,'" is descriptio personæ. See Anderson's Law Dictionary. Therefore the notes were really payable to the order of McIntosh as an individual; and it was proper to treat the action as brought by him individually, notwithstanding his name in the declaration was followed by the words "president of the South Atlanta Land Company."

2. The petition in this case. was signed, "Thomas W. Latham, petitioner's attorney." If the defendants had reason to believe that the action was brought by Mr. Latham without the authority or direction of the plaintiff, then, under section 4423 of the Civil Code, it would have been the duty of the presiding judge, on their motion, and on their showing reasonable grounds therefor, to have required Mr. Latham to have produced or proved the authority under which he appeared, and to have disclosed who employed him to bring the suit. This section provides the manner in which an attorney's right to bring an action may be inquired into, and it can not be done by plea that the suit was brought without the authority of the plaintiff.

3. The declaration was filed in April, 1893, and was paragraphed according to the pleading act of 1893. In para-

graph 3 of the declaration, after describing the two notes for $750 each, sued on, it is alleged: "which notes, by contract and agreement, were endorsed by the said Burton Smith and J. F. Lester, and after they were so endorsed for the better security of this petitioner, the said notes were delivered to petitioner, which are here in court to be shown." In reply to this paragraph, defendants in their answer say: "These defendants endorsed two certain notes of $750 each. Whether or not the notes sued on are the ones which defendants endorsed, defendants do not know, and for that reason can not answer." The act of 1893 provides, "That any averment distinctly and plainly made in the plaintiff's petition, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of want of sufficient information." When a defendant desires to plead, he must, under this act, answer each averment of fact which is distinctly and plainly made in the petition, by doing one of three things, viz.: either admitting the averment, denying the averment, or stating that he can neither admit nor deny the averment because of the want of sufficient information. The defendants in the case at bar, in their answer to the well-pleaded averments quoted from paragraph 3 of the declaration, do not comply with either of these requirements. While admitting that they endorsed two notes for $750 each, they say they do not know whether or not the notes sued on are the ones they endorsed, and for that reason they can not answer. They are silent about any information they may have as to whether or not the notes sued on are the ones they endorsed. If they have any information on that subject, the plaintiff has a right to it, by having a plea upon their part either admitting or denying the averment; if they have none, or if, from what they have, they are in doubt as to the truth or falsity of the averment, then they may plead their inability to either admit or deny it, because of want of sufficient information. We think, therefore, that the averments in such paragraph should be taken as true, and that there was no error in striking the answer.

<em>Judgment affirmed. All the Justices concurring.</em>