RAY J. PHILLIPS *vs.* E. J. KNIGHT & CO.

PROVIDENCE—JULY 14, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A contract signed " D. T. L., correspondent of E. J. K. & Co.," is the contract of the person signing and not of the company mentioned ; the words added to the signature are merely *descriptio personæ.*

A declaration on a contract is demurrable if it does not set forth the subject-matter of the contract with such certainty that, in case of judgment thereon against the defendant, he can plead it in bar of another suit.

A count setting forth that the contract sued upon is in writing is insufficient if it does not further allege that the writing was signed by the defendant.

So, also, is a count which attempts to join distinct causes of action.

ASSUMPSIT on written agreement for sale of grain on margin. Heard on demurrer to the declaration.

PER CURIAM. Our opinion is that the declaration is demurrable:

The first count in that, though it avers that a contract was made by the defendants with the plaintiff, it nowhere shows the defendant's connection with the contract set out, which purports to be the contract merely of D. T. Lyman, by whom it is signed. The words "Correspondent of E. J. Knight & Co.," added to the signature, are merely descriptive of the person signing. *Tucker Mfg. Co.* v. *Fairbanks*, 98 Mass. 101; *Robinson* v. *Kanawha Valley Bank*, 44 O. 441; *Chadsey* v. *McCreery*, 27 Ill. 253. Moreover, the subject-matter of the contract is not set forth with sufficient certainty so that it could be pleaded by the defendants in bar of another suit, should judgment be obtained against them in this.

The second count in that, though it sets forth an alleged contract, and that that contract was in writing, it does not aver that it was signed by the defendants; and that it is, also, like the first count, lacking in certainty.

The third count in that it does not set forth with certainty any cause of action, and is double in attempting to join in the same count distinct causes of action. *Laporte* v. *Cook*, 20 R. I. 261.

*Franklin P. Owen*, for plaintiff.

*Augustus S. Miller and Thomas A. Carroll*, for defendants.