## WORKINGMEN'S UNION ASSOCIATION *et al. v.* REYNOLDS *et al.*

The court committed error in dismissing the petition upon general demurrer.

　　　　　　　　AUGUST 10, 1910.

Equitable petition. Before Judge Charlton. Chatham superior court. April 3, 1909.

A complaint was brought in the name of a corporation and certain individuals as members thereof, making substantially the following allegations: The corporation is an order "charitable and social in its nature and purposes, and was not organized for individual pecuniary profit and gain." 18 named members of the corporation falsely and fraudulently conspired for the purpose of excluding all other members thereof, consisting of about 300 in number, from having any voice in the control of the corporation, and for the further purpose of selling its property and distributing among themselves the proceeds of the sale, "and thereby to injure and defraud said corporation and your petitioners as members thereof." As a part of the fraudulent scheme, the defendant members of the order sent to a large number of its members a notice that they were due the corporation a specified sum, and unless it was paid at the time and place of a called meeting in the city of Savannah, such members would be expelled from the order. About

300 members of the order appeared in response to the notice, but were prevented from attending such meeting by the police of Savannah, at the instance of the defendant members, who notified the police that those appearing in response to the notice would come for the purpose of creating disorder and violating the law, and they were thereby prevented from an opportunity of protesting against said notices and from participating in the proceedings for which the meeting was called, and from protesting against the claim that they owed the society anything.   The defendant members were the only ones present at the called meeting, and they decided to sell a certain piece of real estate belonging to the association.   In pursuance of a resolution passed by the defendant members at a subsequent meeting, the property was sold for $2,300 to John F. Jones, who participated in the design of the defendant members to defraud the association.   Certain of the defendant members, fraudulently claiming to be officers of the association, but not lawful officers thereof, executed to Jones a deed to the property in the name of the corporation.   The defendant members, after paying "the recorded indebtedness of the association against the property" out of the purchase-money, distributed the balance thereof among themselves.   The defendant members were not the true and lawful representatives of the corporation and had no right to bind it in the deed, and the "transaction was ultra vires the rights and powers of the corporation."   It was prayed, that the deed be declared false and fraudulent and a cloud upon the title of the corporation, and that Jones be required to tender it into court for cancellation and account for the rent, income, and profits he had received from the property; that a receiver be appointed to take charge of the property and account to the court for the rents, income, and profits, pending a reorganization of the order, and when it was duly reorganized that the funds be turned over to it to be used for its legitimate objects and purposes.   It was further prayed that the defendant members of the order be required to account to it for the purchase-money received by them from Jones, and that the same be decreed to be the assets of the corporation "free from any claim whatever on the part of the said John F. Jones, or of the said other defendants."   Jones was never served with a copy of the petition or process, and did not appear and plead.   General and special demurrers were filed in the name of the other parties who

were named as defendants, and the court passed an order that "the demurrer is sustained to the petition, with the individual members as parties, with the right to amend on or before June 8, 1907," on which date another order was passed providing that the privilege to amend was extended to June 15, 1907, on which date an amendment was filed by the plaintiffs striking the names of the individual members of the order as plaintiffs, after which general and special demurrers were filed; and to the order of the court sustaining the general demurrer and dismissing the petition, the plaintiffs excepted.

*Oliver & Oliver,* for plaintiffs.

*Cann, Barrow & McIntire,* for defendants.

HOLDEN, J. (After stating the facts.)    The petition does not show on its face that the suit in the name of the corporation was unauthorized by those duly empowered by the corporation to institute suit in its behalf.    The presumption is that the attorney at law who signed the petition as counsel for the corporation had the authority of the proper officers of the corporation to appear and bring such suit; and this presumption can only be overcome in the manner provided for in the Civil Code, § 4423.    *Peoples Mutual Fire Ins. Co.* v. *DeLoach,* 113 *Ga.* 802 (39 S. E. 466); *Lester* v. *McIntosh,* 101 *Ga.* 675 (29 S. E. 7); *Dobbins* v. *Dupree,* 36 *Ga.* 108.

The suit was instituted by the corporation against certain of its members and an alleged purchaser of its property from the latter, charging that for the reasons stated the sale was fraudulent and made without authority, and praying that the deed be cancelled and a receiver appointed to take charge of the property, and hold its income and profits for the benefit of the corporation, and that the purchaser account to the corporation for the income and profits he had received therefrom, and also praying that the defendant members of the corporation be required to account to it for the purchase-money received by them for the property and that the same be decreed to be assets of the corporation free from any claim of the purchaser or of the other defendants who had appropriated the same to their own use.    The corporation could not have the deed cancelled, the property placed in the hands of a receiver, and the income and rents thereof paid to the corporation, and also recover from the defendant members of the corporation the purchase-

money paid to them. A suit to cancel a deed and recover the rents, income, and profits of the property would be a repudiation of the alleged illegal sale; while a suit to recover the proceeds of such sale from the defendants to whom they were paid would be a ratification of the alleged illegal sale; and the remedies sought in the two instances are inconsistent. This, however, does not make the petition subject to general demurrer. The fact that the purchaser was not served with the petition and process, and did not appear and plead, might be sufficient to prevent a cancellation of the deed and the granting of other relief based on a repudiation of the sale, to the granting of which the purchaser would be a necessary party to the case; but such fact would not afford a ground to dismiss the petition on general demurrer, as the allegations of the petition authorized a recovery by the corporation of the purchase-money received by the defendant members thereof, on the theory of a ratification by the corporation of the alleged illegal sale. If the sale made in behalf of the corporation was illegal, and the corporation ratified it, or if it was legal, the defendant members of the corporation receiving and appropriating to their own use the purchase-money arising therefrom would be liable in an action by the corporation to account therefor. The court erred in dismissing the petition upon general demurrer.

*Judgment reversed. Beck, J., absent. The other Justices concur.*