NATIONAL BANK OF COMMERCE *vs.* THOMAS J. McLAUGHLIN *et al.*

MARCH 6, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action in assumpsit on the following promissory note:

"$500.00     Woonsocket, R. I.    Sept. 13th 1922.

90 Days after date I promise to pay to the order of W. G. Ritter.   Manager.   L. M. Umsted & Co. INC, Five Hundred and No/100 - - - - - Dollars at 508 Turks Head Bldg,   Providence   R. I.

Value received.

Thos. J. McLaughlin    "

The note was signed by Thomas J. McLaughlin and delivered to W. G. Ritter in part payment for stock sold to McLaughlin by L. M. Umsted & Co. Inc.   The note was discounted by the plaintiff bank after being indorsed by said Ritter as follows:

"W. G. Ritter

Mgr. for

L. M. Umsted & Co Inc.

Per

W. G. Ritter

W. G. Ritter."

The action was brought against McLaughlin as maker and against Ritter and the Umsted Co. as indorsers.   Ritter was manager of the Providence office of the Umsted Co. but said company denied that he had authority to bind the company by indorsement.   The trial justice nonsuited the plaintiff as to defendant Umsted Co. and directed a verdict in favor of the plaintiff for $683.62, the amount due on the note, against the other two defendants.   The case is before us on exceptions of McLaughlin as follows:   To a ruling refusing to direct a verdict in his favor and to the ruling directing a verdict against him.

The only question is whether Ritter's indorsement transferred title to the plaintiff.

McLaughlin argues that the note was not negotiable because, as he contends, the payee was not named or indicated therein with reasonable certainty.   McLaughlin cites G. L. 1923, Chapter 227, Sec. 14, which provides in

part as follows: "Where the instrument is payable to order, the payee must be named or otherwise indicated therein with reasonable certainty." McLaughlin makes two other contentions (1) that W. G. Ritter and L. M. Umsted & Co. Inc. are joint payees; (2) that L. M. Umsted & Co. Inc. is the sole payee.

The trial justice ruled that the note was payable to W. G. Ritter and that the words "Manager. L. M. Umsted & Co. Inc." are merely *descriptio personæ*, pointing out which W. G. Ritter is the payee. The ruling was correct. The rule is stated by Daniel on Negot. Inst., 6th ed. Vol. I, Sec. 415, as follows: "If a note be payable to an individual with the mere suffix of his official character, such suffix will be regarded as merely *descriptio personæ*, and the individual is the payee." To the same effect see 8 C. J. 173; *Shaw v. Stone*, 1 Cush. 228; *Van Bushkirk v. Day*, 32 Ill. 260; *Chadsey v. McCreery*, 27 Ill. 253; *Hately v. Pike*, 44 N. E. 441; *Chase v. Behrman*, 1 N. Y. City Ct. 352; *Lester v. McIntosh*, 101 Ga. 675 (29 S. E. 7).

The plaintiff having filed no bill of exceptions, the question whether Umsted & Co. was estopped, by reason of having received the proceeds of the discounted note, to deny the authority of Ritter to indorse is not before us.

All exceptions of defendant McLaughlin are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Gardner, Moss & Haslam*, for plaintiff.
*Greene, Kennedy & Greene*, for defendant.