### 44440. DOE v. MOSS.

Argued May 5, 1969—Decided December 5, 1969.

*Frank M. Gleason,* for appellant.

*James B. Langford, Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellee.

EBERHARDT, Judge. ■ (a) Error is enumerated on the qualifying of the jury with reference to possible relationships with officers, stockholders, etc., of the insurance company with which plaintiff had uninsured motorist coverage. Pretermitting the matter of whether the question was properly raised in the trial court, we find no error. The insurance company employed counsel to prepare and file defensive pleadings in the name of "John Doe" and to defend on the trial of the case. It cannot be doubted that the company thought that any verdict rendered might adversely affect it. Insofar as qualifying the jury is concerned we can see no difference in the situation here and that in which a defendant's liability insurance carrier files pleadings in his name and defends the action. In either situation it is the fact that the company has an interest in or may be affected by the judgment rendered that makes it proper to qualify the jury as to it. See *Atlanta Coach Co. v. Cobb,* 178 Ga. 544 (174 SE 131); *Shepherd Constr. Co. v. Vaughn,* 88 Ga. App. 285, 288 (76 SE2d 647).

(b) Appellee earnestly urges that the question is foreclosed adversely to the company when it elects to defend the action because we have heretofore held that when the carrier of uninsured motorist coverage does so it thereby admits coverage and cannot raise defenses other than as to the matter of tort liability, citing *Continental Ins. Co. v. Smith,* 115 Ga. App. 667 (155 SE2d 713) and *United Services Automobile Assn. v. Logue,* 117 Ga. App. 717 (162 SE2d 12). Because of a change in the statutory posture of the uninsured motorist provisions of the Insurance Code resulting from the 1967 amendment to § 56-407A (Ga. L. 1967, p. 463 et seq.) we cannot agree with this contention.

An action against an unknown uninsured motorist or against

an insurer carrying uninsured motorist coverage is a statutory one, and because the insurer may be adversely affected by the judgment, statutory provisions have been adopted applying as well to actions against a known uninsured motorist.

Regardless of who may be named as the defendant in an action against an uninsured motorist—whether the known operator or owner of the offending vehicle, or "John Doe"—it is an action in which the carrier of uninsured motorist coverage for the plaintiff is a party at interest.

Recognizing this simple fact, the General Assembly amended *Code* § 56-407A, as we have indicated, to facilitate the administration of litigation. A company carrying this coverage is now permitted to "file pleadings and take any other action allowable by law" whether the operator or owner of the vehicle causing injury be known or unknown. This permits the filing by the company, in the name of the company or in the name of the uninsured motorist, or in the name of "John Doe," of any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, and, additionally it may file in its own behalf any appropriate pleadings allowable by law. This applies, as we have indicated, to actions against "John Doe" as well as to those brought against a known owner or operator. The filing of these pleadings does not amount to an admission of liability or of coverage by the insurer.

The cases of *Continental Ins. Co. v. Smith,* 115 Ga. App. 667, supra, and *United Services Automobile Assn. v. Logue,* 117 Ga. App. 717, supra, being inconsistent with the statute, as now amended, will not be followed.

(c) It is immaterial, under the provisions of the statute as it now stands, whether the insurer proceeds under a non-waiver agreement in the filing of pleadings. Its right to do so is afforded by law and is not dependent upon any notice or agreement.

2. Appellant contends that the court erred in a ruling as to whether the vehicle in which plaintiff was riding at the time of his injury was a temporary substitute vehicle for the automobile described in his liability policy which provided uninsured motorist coverage to him. Under our ruling in *Gulf American Fire &c. Co. v. McNeal,* 115 Ga. App. 286 (3) (154 SE2d 411)

it is immaterial whether the vehicle was a temporary substitute. The ruling now complained about was made in connection with the court's determination of the propriety of qualifying the jury as to relationships with plaintiff's uninsured motorist insurance carrier; otherwise we can see no occasion for raising the issue in this action, and in view of the ruling in *Gulf American* there was no occasion for it.

3. Under our ruling in *Johnson v. Rooks,* 116 Ga. App. 394, 397 (157 SE2d 527) admission of a hospital bill incurred by plaintiff in connection with his alleged injuries over the objection that it was a self-serving declaration was not error.

4. Error is enumerated on the trial judge's refusal to grant a mistrial because counsel for the plaintiff stated that an insurance policy had been admitted in evidence. The statement was made during a discussion between counsel and the court in regard to a subpoena duces tecum filed by the defendant which called for the plaintiff to produce his income tax returns and the policy of insurance the plaintiff had with Cotton States.

"Whether or not the court should grant a mistrial on motion of the opposite party depends largely on the circumstances of the case, but the judge in passing on the objections has a broad discretion which will not be disturbed unless manifestly abused." *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 859 (126 SE2d 264). And see *Southern Poultry Co. v. Fletcher,* 113 Ga. App. 374, 376 (147 SE2d 870).

5. Denial of a motion for nonsuit at the conclusion of the plaintiff's evidence was proper. Provisions for nonsuit, heretofore found in *Code* § 111-310, were repealed by the Civil Practice Act, § 81A-201 (dd).

6. Enumeration of error 6, urging error in denial of a motion for a directed verdict for the defendant because neither plaintiff nor anyone in his behalf had given notice of the accident to the Director of the Department of Public Safety, as required by *Code* § 56-407A (c) (Ga. L. 1964, pp. 306, 308) is without merit. By its own terms the provision of law relied upon applies only when recovery is sought against an insurer "under the endorsement" providing uninsured motorist coverage. This action is not against plaintiff's insurer, but against "John Doe" for the

purpose of obtaining a judgment, which has been held to be a condition precedent to the institution of an action against the insurer. *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364); *King v. State Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230).

7, 8. Motions for mistrial were directed to portions of the argument made to the jury by counsel for plaintiff when on one occasion he stated that the defendant "John Doe" could pay plaintiff for his injuries and that if he had done so the county would not have been put to the expense of holding this trial, and on another occasion suggested to the jury that they compare plaintiff's injuries to their own situations.

In each instance the court gave cautionary instructions to the jury, informing them that the court is an open forum and that whether the county is put to expense in affording the parties a trial was not a matter to be considered in any way, and instructed counsel not to argue that matter further. Relative to the matter of comparing plaintiff's injuries, pain and suffering, to their own situations, the court instructed that this was not a proper thing for them to do, and that it was not a matter of what one might like to have for himself or some member of his family, but whether plaintiff was entitled to recover, and, if so, how much.

It is, of course, highly improper in an argument to the jury to ask that the members place themselves in the position of a party, or to compare the situation of a party with one's own, and we disapprove it. A juror must preserve his objectivity if he is to perform his duty in rendering a fair verdict that will do justice between the parties. However, the cautionary instructions given by the court to the effect that this was never to be done were very positive in asserting the impropriety of the remarks and clearly informed the jury as to its duty. These should have sufficed to afford a fair trial.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Pannell, Deen and Whitman, JJ., concur. Quillian, J., concurs in the judgment. Evans, J., did not participate.*