### 46753. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HORACE MANN MUTUAL INSURANCE COMPANY et al.

Evans, Judge. James C. Lee sued Danny Gibson and W. H. Gibson, alleging that on December 1, 1969, plaintiff, while riding as a passenger in an automobile owned by Gus Kaufman, was injured in a collision allegedly caused by the negligence of Danny Gibson. Danny Gibson was alleged to be the son of W. H. Gibson, and was the driver of the car colliding with the Kaufman car. Pursuant to the provisions of the Uninsured Motorists' Act (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; *Code Ann.* § 56-407.1), copies of the complaint were served upon Horace Mann Mutual Insurance Company and upon State Farm Mutual Automobile Insurance Company. Horace Mann intervened, and filed its answer, alleging that it did not have uninsured motorist coverage applicable to this collision. State Farm also intervened, alleging that its policy issued to James C. Lee carried a provision for uninsured motorist coverage.

Horace Mann then filed a motion for summary judgment, supported by an affidavit, praying that it be dismissed from the case. The substance of the affidavit was that said company had never issued any type of insurance

policy to Kaufman. In answers to interrogatories it also denied that it was holding a check from Kaufman for automobile insurance coverage, including uninsured motorist protection, on December 1, 1969, the date of the collision. Said insurer also testified in said answer to interrogarories that it had received an application for an insurance policy on December 5, 1969, and that it had settled a suit for property damage brought by Kaufman against it thereafter, without admitting any liability to anyone.

The motion came on for a hearing and the trial court sustained same and dismissed Horace Mann Mutual Insurance Company from the case. State Farm appealed from the judgment of dismissal. *Held:*

At first blush it would appear that a declaratory judgment, and not summary judgment, would be the proper remedy to determine whether the Horace Mann Mutual Ins. Co. was or was not an insurer with uninsured motorist coverage under any policy it had issued to any of the parties involved in this collision. However, the ruling of *U. S. Fidel. &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855) makes it clear that the essential elements necessary in a separate action for declaratory judgment are lacking; and this court in *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321) held that the amendment to *Code* § 56-407A (Ga. L. 1967, p. 463) provides, not only that the insurer may file any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, but in addition it might file in its own behalf any appropriate pleadings allowable by law.

State Farm, in this appeal, directs the thrust of its argument to the question of whether or not Horace Mann employed the proper procedure, to wit: motion for summary judgment, and contends that it did not. It almost abandons any contention that there was in fact insurance coverage by Horace Mann, but we will decide that point, as well as the procedural point. The record clearly shows without dispute that no policy of insurance had ever

been issued to Gus Kaufman or to Lee by Horace Mann on or prior to the date of the collision, to wit: December 1, 1969. The record does show that *after* the collision, on December 5, 1969, Kaufman *applied* for insurance and after holding his check until January 17, 1970, his application was rejected and the check was returned, and no policy was issued. Thus, there was no insurance coverage of any kind by Horace Mann. We also hold, in light of the *Bishop* and *Moss* cases, supra, that motion for summary judgment was a proper procedure for testing the question of insurance coverage.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*
SUBMITTED JANUARY 3, 1972—DECIDED FEBRUARY 1, 1972.

*Greer & Murray, Richard G. Greer,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr.,* for appellees.