## 50976. LONDEAU v. DAVIS et al.

PANNELL, Presiding Judge.

Cynthia Davis and Patricia Echols brought separate actions against Margaret C. Londeau (now Woods) and her father, S. E. Londeau (upon whose death the daughter was substituted as executrix) seeking recovery of alleged damages sustained in an automobile collision between an automobile driven by Mrs. Woods and an automobile driven by Cynthia Davis. Cynthia Davis sought a total of $25,000 damages, which included $274.50 special damages. Patricia Echols sought $25,000 damages, which included $5,548.48 special damages. Phoenix Assurance Company (later Continental Insurance Company) was served with process as an uninsured motorist carrier for the complainants. The defendants' private attorney filed an answer denying the material allegations of the petition and the insurer notified defendants of the intent to participate in the defense of the case and did so through an attorney employed by it, but no pleadings or defenses, etc., were filed in the name of the insurer, only in the name of the uninsured defendants. Both attorneys were marked as attorneys of record for the defendants and both participated in various proceedings in the case, including a prior trial and an appeal. The cases were consolidated and upon appearance of the case on the trial calendar the defendants' private attorney filed a waiver of jury trial in behalf of both defendants and also the following: "Now comes Margaret C. Londeau, now Woods, and in order to establish her legal liability to Cynthia Davis and to Patricia Echols, says: 1. Margaret C. Londeau, now Woods, admits negligence in the subject collision, which negligence is greater than the negligence of Cynthia Davis, operator of the adverse vehicle. As a result of the greater negligence of Margaret C. Londeau, now Woods a judgment should be rendered against her in favor of

Patricia Echols in the amount of $7,500.00 and a judgment should be rendered against her and in favor of Cynthia Davis in the amount of $2,500.00. 2. Margaret C. Londeau, now Woods, shows that S. E. Londeau, her father, under the family purpose car doctrine, is responsible for any judgment rendered against her in this matter, and he being deceased, his estate is liable jointly with her. Wherefore, Movant prays that her legal liability to Patricia Echols and Cynthia Davis be fixed and established as herein indicated."

Five days later the insurer attorney filed the following: "Now comes Margaret C. Londeau, now Woods, individually and as Executrix of the Estate of S. E. Londeau, by and through attorneys of record authorized by Ga. Code § 56-407.1(d) to 'file pleadings, and take other action allowable by law in the name of the known . . . operator' of the automobile in question alleged by Plaintiffs to have caused the incident giving rise to these actions, and specifically denies any admission of liability or negligence filed in her behalf by any other attorney, and announces ready for trial, and specifically demands a trial by jury, in accordance with the published calendar of this Court." The case was called for trial and after argument in which the insurer attorney stated that the insurer was not a party, had filed no pleadings in its name and did not intend to do so and that his appearance in behalf of defendants was under authority of the statute, the trial judge entered judgment in favor of Cynthia Davis for $2,500 and in favor of Patricia Echols for $7,500 against the defendants jointly and severally. An appeal from this judgment was brought to this court in the name of the defendants by the insurer attorney, the appeal expressly stating it was done under authority of the statute. The enumerations of error are (1) "The trial judge erred in granting judgment to the plaintiffs/appellees, after denial of liability and demand for jury trial by appellant's statutory counsel of record." (2) "The trial judge erred in entering judgment when the plaintiffs/appellees had not established legal liability, as required by statute."

1. Prior to the 1967 amendment (Ga. L. 1967, p. 463 et seq.) to Code § 56-407A (Code Ann. § 56-407.1) an

uninsured motorist insurer had no right to file pleadings or defenses for itself, and if it filed defenses for the defendant it was precluded from denying coverage under the policy. Since the amendment "[a] company carrying this coverage is now permitted to 'file pleadings and take any other action allowable by law' whether the operator or owner of the vehicle causing injury be known or unknown. This permits the filing by the company, in the name of the company or in the name of the uninsured motorist . . . of any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, and, additionally it may file in its own behalf any appropriate pleadings allowable by law. This applies, as we have indicated, to actions against 'John Doe' as well as to those brought against a known owner or operator. The filing of these pleadings does not amount to an admission of liability or of coverage by the insurer.

"The cases of *Continental Ins. Co. v. Smith,* 115 Ga. App. 667, supra, and *United Services Automobile Assn. v. Logue,* 117 Ga. App. 717, supra, being inconsistent with the statute, as now amended, will not be followed." *Doe v. Moss,* 120 Ga. App. 762, 765 (1 b) (172 SE2d 321).

In view of the above, the insurer in the present action, having been served in the pending tort action is free to file in that action whatever defensive pleadings it may consider appropriate to protect its rights without conceding any liability or otherwise jeopardizing its interest. This could include, of course, appropriate pleadings, to reach the issues *of whether there is any resulting liability of the insurer in respect to uninsured motorist coverage if the tort defendants be held liable either jointly or severally. U. S. Fidelity &c. Co. v. Bishop,* 121 Ga. App. 75, 76 (172 SE2d 855). The insurer not having filed any pleadings or motions in its own behalf was not a party to the case. *State Farm &c. v. Brown,* 114 Ga. App. 650 (152 SE2d 641). We are not here concerned with any defenses which it may or could have asserted in its own name, and which it attempts to assert in this appeal to the effect that to allow such confessions of judgment would open the door to fraud, and that a judgment obtained by consent of the parties is not one upon which recovery can be had against the insurer. Further, there is no evidence

there was fraud or improper conduct or improper concert of action on the part of plaintiff or defendant, or both.

2. Where attorney appears for a party, there is a presumption his appearance was authorized. *Dobbins v. Dupree,* 36 Ga. 108; *Alberts v. Ins. Co. of North America,* 117 Ga. 854 (3) (4) (44 SE 13). However, a judgment confessed by an attorney will, *on proof of his want of authority,* be set aside. *Dobbins v. Dupree,* 39 Ga. 394. See also, *Davant v. Carlton,* 53 Ga. 491; *Jackson v. Jackson,* 199 Ga. 716, 719 (35 SE2d 258).

"If it be alleged by a party for whom an attorney appears that he does so without authority, the court may, at any stage of the proceedings, relieve the party for whom the attorney assumed to appear from the consequences of his acts, if fully satisfied such allegation is true." Code § 9-603. "The presiding judge or justice may, on motion of either party, and on showing reasonable grounds therefor, require any attorney who assumes the right to appear in the cause to produce or prove the authority under which he appears, and to disclose, whenever pertinent to any issue, the name of the person who employed him, and may grant any order that justice may require on such investigation; but, prima facie, attorneys shall be held authorized to properly represent any cause they may appear in." Code § 9-604. Presumption of authority is overcome only in the manner provided by this section. *Workingmen's Union Assn. v. Reynolds,* 135 Ga. 5, 7 (68 SE 697); *Lester v. McIntosh,* 101 Ga. 675 (2) (29 SE 7).

There is no allegation or contention and no evidence here that the admissions and confession of judgment filed by the attorney employed by the defendants was done without authority. His authority will therefore be presumed. There is no contention that the insurer attorney is acting with authority given by these defendants, but the denial of the admissions on its face shows he is acting solely under authority claimed under the statute. The issue here is thus clearly drawn, — that is, does the insurer because of its statutory right to enter defenses in behalf of and in the name of the defendant also have the right to control the litigation contrary to the ordinary right of a litigant to do so, all the while acting in

the name of the litigant? It is our opinion that these rights given by the statute to the insurer are not rights to control the litigation contrary to the wishes and desires of the defendants legally expressed by pleadings in court. If the defendants here desire to "settle" by confessing judgment in an amount less than the amount sued for, they were entitled to do so, and the right of the insurer to enter defenses in the defendants' name does not preclude such action. It has been held that a plaintiff insured under the Uninsured Motorist Act is not precluded from settling or bringing an action without the consent of the insurer, even though the terms of the policy so provide. *Gulf American Fire & Cas. Co. v. McNeal,* 115 Ga. App. 286, 287 (b) (154 SE2d 411). We do not think that the defendant in such an action has lesser rights. We, therefore, hold that the attempted "denial" of the admissions was ineffective against the authorized admissions filed by the defendants' own attorney in the absence of proof that the defendants' attorney had no authority to do so, and accordingly under the pleadings and the evidence submitted, the trial judge was correct in accepting as a valid pleading binding the party making it, the admissions or confession of judgment above referred to.

3. The admissions, therefore, stand as binding admissions in judicio and until such admissions are withdrawn or stricken the party or parties making them can introduce no evidence to the contrary. *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321 (2) (78 SE 900); *Head v. Lee,* 203 Ga. 191 (8) (45 SE2d 666); *Clift & Goodrich Inc. v. Mincey Mfg. Co.,* 41 Ga. App. 38 (1) (152 SE 136); *Alexander Hamilton Institute v. Van Landingham,* 44 Ga. App. 606 (162 SE 304); *Plymouth Record Corp. v. Books, Inc.,* 92 Ga. App. 753 (90 SE2d 336). There was no error therefore, in rendering judgment in the absence of a jury trial as to Mrs. Woods.

4. However, the trial judge erred in rendering judgment on the admissions made against the estate of S. E. Londeau. The admissions and confession of judgment appear to be made by Mrs. Woods in her individual capacity only. This being so, this defendant's liability and the amount of damages must be determined based upon

proper evidence relating thereto, whether it be by the trial judge without a jury or by a jury trial. The judgment is, therefore, affirmed as to Mrs. Woods and reversed as to the estate of S. E. Londeau.

*Judgment affirmed in part; reversed in part. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 2, 1975 — DECIDED OCTOBER 3, 1975.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellant.

*Rich, Bass, Kidd & Witcher, Casper Rich, John C. Tyler, Lee Redfern,* for appellees.