## 57238. J. C. PENNEY CASUALTY INSURANCE COMPANY v. WILLIAMS et al.

QUILLIAN, Presiding Judge.

This appeal is brought by the J. C. Penney Casualty Insurance Company from the grant of summary judgment to the defendant Preston Williams.

Miss Zenobia Leavell was insured by the J. C. Penney Casualty Insurance Company (hereinafter called "Insurance Company"). She and a friend attended a reunion of a college fraternity at the Atlanta Hilton on the night of August 6-7, 1977. Plaintiff Leavell departed the Hilton during the early morning hours of Sunday, August 7, and was enroute to the Marriott for breakfast when she was struck on the left side by a car exiting the Marriott parking area. That area was "[v]ery well lit." The cars were touching and Miss Leavell had a close, clear view of the other driver. The other driver did not leave the car. Miss Leavell got out of her car and was of the opinion that the driver of the other car was a male — "dressed as a female." "He was brown-skinned, had on a reddish-brown wig, very kind of keen features, makeup, lipstick, the powder and all, bangs, long hair." The other car backed up and "sped" away. Miss Leavell obtained the license number of the other car, "LDS 435," a black, new 1977 automobile. The defendant Preston Williams had leased a black, 1977 Ford, with license number "LDS 435" from a car leasing agency. When the police served the summons on the defendant it was determined that his car had been damaged on the "right-front bumper."

Mr. Williams testified that he was "a female impersonator entertainer by profession." He stated that he had damaged the front bumper when he struck an island at a service station when he was attempting to drive up close enough to get gasoline. He said that he was performing on the night of Saturday, August 6, and early morning hours of Sunday, August 7, 1977, in Columbia, South Carolina. The club stayed open until around 2:30 a.m. It took about 15 minutes to gather up his equipment, and approximately 3 hours to drive to Atlanta, arriving around 5:30 a.m. He and Michael Bookman, Cheryl Jones, and Jane Gann, were in his 77 Ford, "license LDS 435,"

that he used to make the trip.

Earlier he had been asked: "Then you were not driving any automobile involved in this collision? A. No, I wasn't. Q. There on the Marriott premises, on the street around the Marriott there? A. Right. Q. Fairlie Street I believe. A. No, I wasn't. Q. Who had access to your automobile? A. Michael Bookman and another girl by the name of Cheryl Jones. She had my car." Later in the deposition Williams was asked: ". . . assume for the moment possibly you left Columbia, South Carolina in time to have been in Atlanta around 3:00 o'clock on Sunday morning . . . Q. Did you go by the Marriott or stop there for any reason yourself? A. No, not — *when I dropped Jane Gann off I had to go by there.* Q. Had to go by the Marriott? A. But I didn't go by the Marriott because I took — after I dropped her off, I came in on — I came in on 20 . . . *no, I didn't even go close to the Marriott.*" (Emphasis supplied.)

Plaintiff Leavell testified in her deposition that at the traffic court she could not identify the defendant Williams. She explained: "He was dressed as a female impersonator [at the time of the accident] and at this particular point in time [in the traffic court] since he did not have on his getup, no."

The Insurance Company was served with a duplicate original summons and answered as an uninsured motorist insurance carrier under Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; as amended through 1976, pp. 1195, 1196). Defendant Williams moved for summary judgment on the basis that "he was not operating said motor vehicle at the time of the accident set forth in the complaint." Plaintiff Leavell's response stated: "plaintiff has been unable to establish and/or prove that allegations of her petition alleging that the defendant, Preston Williams, was operating said vehicle." The Insurance Company's response alleged that "there is ample evidence for the jury to find that the complaint correctly names Preston Williams as the tort feasor who caused and is responsible for plaintiff's injuries and damages." Defendant's motion was granted. The Insurance Company brings this appeal. *Held:*

1. The appellee, Preston Williams, contends that the

Insurance Company has no standing to appeal the granting of his motion for summary judgment. We do not agree. He argues that "[o]ne of several defendants in an action, not a joint cause of action, cannot complain of the direction of a verdict for the other defendants. *Wilhite v. Mays,* 140 Ga. App. 816 (232 SE2d 141)." Appellee Williams also cites *Avis Rent A Car System v. Rice,* 132 Ga. App. 857 (209 SE2d 270), and *Hall v. First Nat. Bank of Atlanta,* 145 Ga. App. 267 (243 SE2d 569), as supporting his position that "[w]e cannot perceive that appellant (was) adversely affected."

It is unusual where a defendant brings a motion for summary judgment against the plaintiff — and the plaintiff concurs. Under the circumstances of this case, that procedure could leave the uninsured motorist carrier liable for the plaintiff's damages. This court held in *Doe v. Moss,* 120 Ga. App. 762, 765 (172 SE2d 321) that because "the insurer may be adversely affected by the judgment" it was a "party at interest" and it was provided the remedies contained in Code Ann § 56-407.1. See also *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875 (3) (201 SE2d 628). Further, "[a] company carrying this coverage is now permitted to 'file pleadings and take any other action allowable by law' whether the operator or owner of the vehicle causing injury be known or unknown." *Doe v. Moss,* 120 Ga. App. 762, 765, supra. We construe the provisions of Code Ann. § 56-407.1, as making the uninsured motorist insurance carrier a party at interest. It may take any action permitted by our Code that is allowed to other parties in interest — including the right of appeal from an adverse judgment. *Home Indem. Co. v. Thomas,* 122 Ga. App. 641 (178 SE2d 297); *Londeau v. Davis,* 136 Ga. App. 25 (220 SE2d 43). See also *United States &c. Co. v. Bishop,* 121 Ga. App. 75, 77 (172 SE2d 855).

One of the options granted to the uninsured motorist insurer by Code Ann. § 56-407.1 is that it may elect to "file pleadings, and take other action allowable by law *in the name of either the known owner or operator or both or itself.*" (Emphasis supplied.) Thus, the insurer may plead or assert any available defense in the name of the owner, operator, or itself (*Doe v. Moss,* 120 Ga. App. 762, 763,

supra; *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875 (3), supra) and will not be bound by the actions of the other defendant — even if the other defendant defaults — for a default can not defeat "the insurer's statutory right to defend the action in its name." *Unigard Ins. Co. v. Kemp,* 141 Ga. App. 698 (234 SE2d 539).

Thus, in the instant case, even though the plaintiff acquiesced in the defendant's motion for summary judgment, and "a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest" (Code Ann. § 102-106 (Code § 102-106)), such acquiesence in the motion for summary judgment did injure the defendant insurer and plaintiff's nonfeasance will not be permitted to prevail — just as a defendant's voluntary default will not be permitted to prejudice the defendant insurer. See *Glover v. Davenport,* 133 Ga. App. 146, 147 (210 SE2d 370).

2. Accordingly, we will reach the merits of defendant's motion for summary judgment. Even though a plaintiff has the burden to prove his cause of action by a preponderance of the evidence, if the defendant moves for summary judgment he has the burden of clearly establishing the lack of any triable issue of fact and must take the initiative of introducing evidence so showing. *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 236 (227 SE2d 336). In order for the defendant to prevail, he must "through uncontroverted evidence," effectively pierce any state of facts contained in the plaintiff's complaint, that may be proven in connection therewith, so as to preclude as a matter of law the plaintiff's right to prevail. *Ringer v. Lockhart,* 240 Ga. 82, 83 (239 SE2d 349).

One further rule must be considered. All ambiguities and conclusions must be construed most favorably toward the respondent and against the movant. *Equity Nat. Life Ins. Co. v. Shelnutt,* 128 Ga. App. 849, 852 (198 SE2d 350). Thus, where — from inherent weakness in testimony or from apparent inconsistencies, questions of credibility arise, summary judgment should be denied and the matter submitted to the jury for resolution of the credibility issue. *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (3) (171 SE2d 782).

Defendant's testimony that he was in Columbia, South Carolina, at the time of the accident is not conclusive. It is opposed by the direct and circumstantial evidence of the plaintiff. Of the three people who were supposed to have been with defendant at the time of this incident, two have left the area and he does not know how they can be located. The defendant did not produce the third person and refused to give out her telephone number — because it was unlisted, but did agree to provide plaintiff later with her address. The defendant's first testimony that on the morning of this incident that he "had to go by there," was immediately changed to: "I didn't even go close to the Marriott." This is equivocal testimony. If there is a contradiction in the testimony of a party, it must be construed in favor of the opposing party, which may "create a conflict in the evidence as well as a question of credibility, which is solely for the jury." *Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718, 720 (200 SE2d 918).

Plaintiff's evidence of being struck by a black 1977 auto, bearing license LDS 435, driven by a man dressed as a woman, presents both direct and circumstantial evidence which is contrary to a professional female impersonator's testimony that his black 1977 Ford, license LDS 435, was not involved, so that the jury should be permitted to decide the contrary inferences and credibility of the witnesses. The Supreme Court, in *McCurry v. Bailey,* 224 Ga. 318 (1) (162 SE2d 9), held that circumstantial evidence of identity of a driver, was sufficient to make an issue of fact to deny a motion for summary judgment even when opposed by the direct testimony of the defendant as to the identity of the driver. We find the trial court erred in granting summary judgment to the defendant Williams.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 7, 1979 — DECIDED MARCH 8, 1979.

*Dunaway, Haas & Broome, George A. Haas, Norris*

*C. Broome,* for appellant.

*Long & MacDowell, Nick Long, Fred MacDowell, Carter, Ansley, Smith & McLendon, Ben Kingree,* for appellees.