**77638, 77848. TRAVELERS INSURANCE COMPANY v. SEGAN;**
and vice versa.
(378 SE2d 367)

CARLEY, Chief Judge.

Howard Segan filed a tort action against Joel Markwell, seeking to recover for personal injuries suffered in a two-car collision. Travelers Insurance Company (Travelers), as Segan's uninsured motorist carrier, was served with a copy of the complaint against Markwell.

Travelers did not, however, file an answer in its own name and, by not doing so, elected not to become a party to the action.

Segan's tort action against Markwell proceeded to trial before a jury. The jury returned a $30,000 verdict in favor of Segan. On the jury's verdict in favor of Segan, the trial court entered judgment against Markwell "in the amount of $10,000 *and [judgment] against Travelers* . . . in the amount of $15,000, [Segan] being entitled to recover a total of $25,000, that is, the amount of the jury verdict less the no-fault credit of $5,000 to which Markwell is entitled." (Emphasis supplied.) In Case Number 77638, Travelers appeals from the $15,000 judgment entered against it. In Case Number 77848, Segan cross-appeals from the $25,000 judgment entered in his favor.

### Case No. 77638

1. A motion to dismiss the main appeal has been filed, the contention being that Travelers was not a party to the action below and therefore lacks the standing to bring this appeal.

It is true that Travelers *should* not be a party to the action below. Although it was served with a copy of Segan's complaint against Markwell, Travelers filed no answer in its own name. Accordingly, Travelers elected not to interject the issue of its contractual liability to Segan into the case and the action below was tried solely as to the issue of Markwell's tort liability to Segan. See generally *Smith v. Phillips*, 172 Ga. App. 459 (323 SE2d 669) (1984). Compare *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980).

However, it is also true that Travelers *was* made a party to the action below when the trial court entered judgment and made Travelers a judgment debtor as to Segan. It is illogical to suggest that one against whom a judgment has been entered lacks the standing to appeal from that judgment. Since Travelers was actually made a party to the judgment (compare *Gates v. Rutledge*, 151 Ga. App. 844 (261 SE2d 757) (1979)), it has the standing to bring this appeal and the right to enumerate error as to the judgment that was entered against it. Compare *Samples v. Greene*, 138 Ga. App. 823, 826 (6) (227 SE2d 456) (1976). Accordingly, the motion to dismiss Travelers' appeal is denied.

2. In its enumerations of error, Travelers does not cite its lack of capacity as a party to the action below and does not urge that, on that basis, there should be a complete reversal of the judgment that was entered against it. It contends only that the trial court erred by entering a $15,000 rather than a $10,000 judgment against it. Thus, Travelers waives the trial court's erroneous entry of *any* judgment whatsoever against it. In effect, Travelers consents to the trial court's entry of *a* judgment against it, contending merely that there was a

miscalculation of the amount of the judgment to which it has otherwise consented.

The jury returned a verdict in the amount of $30,000. From this verdict, the sum of $5,000, which represented the amount of no-fault benefits available to Segan, must be written off. See OCGA § 33-34-9 (b). As to the $25,000 that is thus recoverable by Segan, Travelers, as Segan's uninsured motorist carrier, "should bear the [amount of] damages exceeding [Markwell's] liability coverage. . . ." *Ga. Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, 167 (336 SE2d 237) (1985). It is undisputed that Markwell has liability coverage with limits of $15,000. It accordingly follows that, of the recoverable $25,000, Travelers is contractually liable to Segan for only $10,000, that being the amount by which Segan's awarded damages exceed the limits of Markwell's liability coverage. Therefore, the trial court did err in entering a $15,000 judgment against Travelers. The judgment against Travelers is affirmed with direction that it be reduced from $15,000 to $10,000.

### Case No. 77848

3. The cross-appeal is rendered moot by virtue of our disposition of the main appeal.

*Judgment in Case No. 77638 is affirmed with direction. Appeal in Case No. 77848 is dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 27, 1989.

*R. Chris Irwin & Associates, James P. Boston, Bryan F. Dorsey,* for appellant.

*Randy S. Slater, Frank L. Derrickson,* for appellee.