A90A0044. HULSEY v. STANDARD GUARANTY INSURANCE COMPANY.
(395 SE2d 282)

BEASLEY, Judge.

Hulsey was sued due to an automobile collision. His uninsured motorist carrier, Standard, was also served as provided by OCGA § 33-7-11 (d). It filed an answer in Hulsey's name and provided him with legal representation. Hulsey, by his own retained counsel, filed a

counterclaim which resulted in a money judgment for Hulsey. The original plaintiff was deemed to be an uninsured motorist and the court entered judgment against Standard for the amount awarded against this tortfeasor. Pursuant to OCGA § 9-11-60 (d), the court set aside the judgment against Standard because it was not a party against whom a judgment could be entered.

The issue on appeal is whether an uninsured motorist carrier is subject to judgment in favor of its insured when it is served by the original plaintiff and its insured prevails against the tortfeasor plaintiff but the carrier has not filed an answer or otherwise appeared in its own behalf. Appellant's sole source of authority for his position is *State Farm &c. Ins. Co. v. Yancey*, 188 Ga. App. 8 (371 SE2d 883) (1988), aff'd 258 Ga. 802 (375 SE2d 39) (1989), but the issue was not reached in that case. Nor was it reached in *Travelers Ins. Co. v. Segan*, 190 Ga. App. 66 (378 SE2d 367) (1989), but in Division 1 the court anticipated the holding in this case.

Hulsey contends that service subjects the carrier to the jurisdiction of the court as a party in the suit, so that its failure to answer amounts to default. That is not what the statute provides. It is remedial for the carrier. Service under OCGA § 33-7-11 (d) is in the nature of notice and merely gives the carrier the right to "file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself." *J. C. Penney &c. Ins. Co. v. Williams*, 149 Ga. App. 258, 260 (1) (253 SE2d 878) (1979) (quoting predecessor statute to OCGA § 33-7-11 (d)). The option of becoming a party is thus left to the carrier. It is "permitted" to become a party; it has the "option" and "may elect" to do so. *Londeau v. Davis*, 136 Ga. App. 25 (1) (220 SE2d 43) (1975).

The statute, by which the plaintiff is required to serve the carrier, does not by its operation subject the defendant's uninsured motorist carrier to party status in every case. Whether this would be wise or not, considering that it would add to each such tort suit a separate issue of contract liability not involving the original parties, the point is that the legislature has not so provided. "A statute should be given logical meaning unless a contrary legislative intent plainly and unequivocally appears from the statute and must square with common sense and sound meaning." *Continental Ins. Co. v. Echols*, 145 Ga. App. 112, 113 (243 SE2d 88) (1978).

The trial court was correct in its final ruling, and Hulsey will have to assert his rights under his insurance contract with Standard in another action.

*Judgment affirmed. Pope, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully, it is done nevertheless reluctantly. We are requiring Hulsey to file two lawsuits when one should do, but that seems to be the law.

DECIDED MAY 30, 1990.

*Ronald L. Hilley*, for appellant.

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul*, for appellee.