## 55217. ROGER BUDD CHEVROLET COMPANY v. FIRST STATE BANK & TRUST COMPANY.

BELL, Chief Judge.

First State Bank brought this action against Roger Budd Chevrolet Company in two counts alleging negligence and breach of warranty. Defendant answered, denying the material allegations and alleged that plaintiff was contributorily negligent. The evidence at trial showed that a third party Cupstid entered into a loan contract with plaintiff bank for the purchase of an automobile from the defendant. Plaintiff issued a draft in

the sum of $5,350 payable to the defendant who endorsed the draft and received the proceeds. On the endorsement appeared this warranty: "By endorsement and upon receipt of proceeds of this draft the payee warrants . . . that proper application for Georgia Certificate of Title has been made in the name of the purchaser and that the First State Bank & Trust Company . . . has been shown as first security interest holder by virtue of a 'chattel mortgage'." The third party defaulted. There was evidence showing that plaintiff never received a Georgia certificate of title to the vehicle showing that it was a lienholder. The president of defendant corporation testified that one of defendant's employees checked with the title department in Atlanta and was told that no title application had been made. The trial court granted plaintiff's motion for directed verdict and denied defendant's motion. *Held:*

1. Although it is undisputed that plaintiff has never received a certificate of title to this vehicle showing plaintiff's lien, the evidence does not demand the finding that no *application* for a Georgia certificate of title showing plaintiff as lienholder was ever made. The testimony of the president was hearsay as it was based on what his employee was told by someone in Atlanta. Code § 38-301; *Maryfield Plantation v. Harris Gin Co.,* 116 Ga. App. 744 (159 SE2d 125). This hearsay was not competent and will not establish the breach of the express warranty. Thus, the evidence with all reasonable deductions therefrom, does not demand a verdict for plaintiff on the breach of warranty count of plaintiff's complaint. CPA § 50 (Code Ann. § 81A-150).

2. The evidence likewise does not demand a verdict for plaintiff with reference to plaintiff's allegation that defendant was negligent in not obtaining a Georgia certificate of title showing plaintiff as the first lienholder, nor does it demand a verdict for defendant on its asserted defense that plaintiff's negligence in not repossessing the vehicle was the cause of its loss. These are jury questions.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 7, 1978.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellant.
*Perry, Walters, Lippitt & Custer, C. Richard Langley,* for appellee.