A93A2309. APPLIED ECOLOGICAL SYSTEMS, INC.
v. WESKEM, INC.
(441 SE2d 279)

SMITH, Judge.

Weskem, Inc. sued Applied Ecological Systems, Inc. (AES) on account. After answering, AES sought and obtained leave to amend its answer to assert an omitted counterclaim. See OCGA § 9-11-13 (f). Weskem's motion for summary judgment on the main claim was granted in March 1992. Approximately one year later, in March 1993, Weskem filed a motion to dismiss AES's counterclaim for failure to state a claim. That motion also was granted, and AES appeals.

In its counterclaim, AES alleged claims for trademark infringement, tortious interference with business relationships, and theft of trade secrets. AES alleged that it had entered into an agreement with

Weskem and others for the production and assembly of refrigerant recovery and purification systems having registered trade names that were patented and manufactured by AES. It further alleged that Weskem had violated a confidentiality agreement executed in connection with the production and assembly agreement, had without authority appropriated technology developed by AES, had infringed its trademarks, and had misappropriated AES's good will by marketing its own products under AES trade names. Paragraph nine of the counterclaim recited that a copy of the confidentiality agreement was attached as Exhibit "A." However, a copy of the confidentiality agreement was not attached.

Weskem's motion to dismiss the counterclaim was based on AES's failure to attach the confidentiality agreement as an exhibit to the counterclaim. Weskem contended that because in its response to the counterclaim it had denied that it had been attached to the counterclaim and denied the existence of this agreement and no reply had been filed by AES, the agreement, which formed the basis for the counterclaim, had not been proved.

On May 12, 1993, AES filed a response to the motion to dismiss and an amendment to its counterclaim, attaching a copy of the confidentiality agreement.

The trial court's order entered May 24, 1993, granting Weskem's motion to dismiss the counterclaim, appears to grant the motion on that basis. The order recites that "after reviewing the pleadings and [Weskem's] motion and [AES's] response thereto (same being filed more than 30 days after [Weskem's] motion), and a pre-trial order having been filed on May 2, 1991, and [AES] attempting to file an amendment to its counterclaim on May 11, 1993[,] it is hereby ordered that [Weskem's] motion is hereby granted and [AES's] counterclaim is dismissed."

AES contends that dismissal of the counterclaim on that basis was erroneous. We agree and reverse.

First, OCGA § 9-11-16 (b) provides with respect to pretrial orders that "[t]he court shall make an order which . . . when entered, controls the subsequent course of the action. . . ." Although a party may not amend his pleading as a matter of course without leave of court after the entry of a pretrial order, OCGA § 9-11-15 (a), the record does not disclose that such an order was entered here. Weskem states in its brief that it "faxed" its portion of the proposed pretrial order to counsel for AES and assumed it would be filed with the court, and it has attached a copy of the alleged "fax" transmittal to its brief. This court, however, cannot consider in the appellate process factual assertions in briefs when they are not supported by the record. *Nodvin v. West*, 197 Ga. App. 92, 96 (3) (c) (397 SE2d 581) (1990). The record shows only that on May 2, 1991 the *defendant's portion*

of a proposed consolidated pretrial order was filed. It was not a complete pretrial order, or even an *order*, within the meaning of OCGA § 9-11-16 (b), having not been made or signed by the judge. A pretrial order not having been entered, AES was free to amend its counterclaim without leave of court.

Dismissal for failure to state a claim would have been improper even if AES had not filed an amendment attaching the confidentiality agreement to its counterclaim. It is well established that "[u]nder the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." *Skelton v. Skelton*, 251 Ga. 631 (1) (308 SE2d 838) (1983). "Insofar as general rules of pleading are concerned, a counterclaim stands upon the same footing as an original claim." *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855, 859 (1) (194 SE2d 913) (1972). Under our system of notice pleading, the counterclaim must set forth only an allegation of injury resulting from another's actions. It will rarely appear beyond a doubt that the pleader can prove no set of facts that support the claim. *Rothstein v. L. F. Still & Co.*, 181 Ga. App. 113, 114 (2) (351 SE2d 513) (1986). In this case, contrary to Weskem's argument, its denial in responsive pleadings that the agreement exists does not conclusively establish its nonexistence. Even absent the attached copy of the agreement, AES *may* still be able to prove that an agreement existed and that Weskem breached it.

Contrary to Weskem's argument, AES's failure to join indispensable parties would not be ground for dismissal for failure to state a claim. Should it appear that indispensable parties were not joined, the remedy would not be dismissal but corrective action, as provided by OCGA § 9-11-19. See *Empire Banking Co. v. Martin*, 133 Ga. App. 115 (210 SE2d 237) (1974). The trial court erroneously granted Weskem's motion to dismiss the counterclaim.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

Decided February 14, 1994.

*Solomon & Edgar, William J. Edgar*, for appellant.
*Andrew H. Lakin*, for appellee.