A97A1699. SINGLETON et al. v. PHILLIPS et al.
(494 SE2d 66)

ANDREWS, Chief Judge.

Major Donna Phillips, an Army dentist, was involved in an automobile collision with Sebrina Singleton. Phillips sued Singleton for personal injury, and Phillips' husband claimed loss of consortium. The plaintiffs also served their underinsured motorist carrier, United Services Automobile Association (USAA).[1] Although USAA originally answered the suit in its own name and participated in discovery, the insurer later withdrew its answer. Despite its withdrawal, the trial court made USAA a party to the case and allowed the jury to know of USAA's status as an additional defendant. The jury returned a verdict for the plaintiffs, awarding Major Phillips $2,817 in special damages and $80,000 in general damages and awarding her husband $17,183 for loss of consortium. We find the trial court erred by requiring USAA to remain a named party defendant and by failing to grant the defendants' motion for partial directed verdict on Major Phillips' claim that the collision prevented her promotion to lieutenant colonel.

1. Singleton and USAA claim the trial court erred by allowing the jury to consider whether Major Phillips' injuries prevented her promotion to the rank of lieutenant colonel and consequent salary increase. We agree that the trial court should have granted the defendants a partial directed verdict on this claim.

"A trial court may direct a verdict in a party's favor only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. [Cit.] We view that evidence in a light most favorable to [Major Phillips]. [Cit.]" (Punctuation omitted.) *Niles v. Bd. of Regents &c. of Ga.*, 222 Ga. App. 59 (473 SE2d 173)

---

[1] The insurer is also referred to in the record as "United States Automobile Association."

(1996). Whether this "deprivation of promotion" claim is characterized as a claim for past lost wages, future lost wages, or diminution of earning capacity, Major Phillips was required to produce some evidence from which the jury could determine the collision caused this damage. "Lost wages and earnings are recoverable where the evidence shows the amount of the loss with reasonable certainty and the evidence permits the jury to determine the amount of the loss without speculation or guesswork. [Cit.]" *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 467 (5) (469 SE2d 763) (1996). A "loss of earning capacity" claim requires evidence of "the degree to which the disability or loss . . . may reasonably affect [Phillips'] future income." *Myrick v. Stephanos*, 220 Ga. App. 520, 522 (2) (472 SE2d 431) (1996). Loss of future earnings, likewise, "is available where there is proof of loss of definite earnings that would have been received in the future but for an injury. . . ." Id. at 521.

In support of this claim, Phillips presented the testimony of her commanding officer, a colonel in the Army's dental corps. The colonel stated that dental officers were considered for promotion every six years, and that receiving "excellent proficiency reports" and participating in certain courses and activities would increase an officer's chances of promotion. One such "ticket punch" towards promotion, he testified, was the completion of a residency program. He also opined that the failure to pass physical fitness tests might affect an officer's rating. Major Phillips testified that her injuries from the accident prevented her from participating in physical fitness training and that a scheduled surgery prevented her from enrolling in a residency program to which she had been accepted. These facts, she argued, allowed the jury to determine that the accident caused her to be denied the promotion and allowed the jury to award her resulting lost earnings. The trial court agreed.

The trial court erred because the witnesses' theories as to why Major Phillips did not receive a promotion were purely speculative. Phillips continued to work full time as a dentist after the accident. Her commanding officer testified that promotions are made by a selection board whose members are sworn to secrecy, and he did not know the exact criteria on which that board relied. While these "ticket punches" were important steps on the path to promotion, the commanding officer agreed that officers who met those requirements were not always promoted. He further admitted that his opinions as to why Phillips was not promoted were "pure speculation" and his "guess." It is clear from the commanding officer's testimony that Phillips' alleged inability to complete a residency would be but one of many factors affecting her eligibility for promotion. While Major Phillips stated that "someone" on the promotion board told her why she was not promoted, the record shows her knowledge constituted

nothing more than hearsay without probative value. See *Roger Budd Chevrolet Co. v. First State Bank &c. Co.*, 145 Ga. App. 167, 168 (1) (243 SE2d 332) (1978). Likewise, her theories and those of her husband as to why she was not promoted amount to nothing more than speculation, as neither of the Phillips was made privy to the board's secret reasons for denying the promotion. Given the lack of testimony showing a causal connection between Phillips' injury and her failure to obtain a promotion, the trial court should not have allowed the jury to consider this claim. "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." (Citations and punctuation omitted.) *Niles*, supra at 61. This evidence enabled the jury to do nothing more than guess.

2. The trial court further erred when it granted the Phillips' motion to name USAA as a party defendant. When originally served in July 1994, USAA answered the suit in its own name, as allowed by OCGA § 33-7-11 (d), and thereby became a party to the case. See generally *Hulsey v. Standard Guar. Ins. Co.*, 195 Ga. App. 803, 804 (395 SE2d 282) (1990). Over the next months, it appears the insurer actively participated in discovery. In November 1995, however, USAA expressly withdrew its answer. When the plaintiffs moved to force USAA into the status of party defendant, the insurer responded that it had withdrawn its answer after determining no coverage questions existed. In February 1996, the trial court ordered USAA added as a party defendant, and the insurer's presence in the case was made known to the jury at trial.

The trial court erred when it held that once USAA made its election to participate as a party, the insurer was required to remain a named party defendant through the trial of this case. OCGA § 33-7-11 (d) allows the uninsured or underinsured motorist carrier to *elect* to become a party to the case by filing an answer in its own name. Alternately, "[t]he insurer may elect to plead only in the name of the alleged tortfeasor, thereby obtaining an adjudication of tort liability without the potentially prejudicial injection into the case of the presence of insurance coverage." *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). It may also choose not to file *any* pleadings. See *Hulsey*, supra. The statute shows the choice to participate or not to participate is left to the insurer, but nothing in the statute prevents the insurer from changing its position during the course of litigation. Therefore, "[w]e see no reason . . . to require an uninsured [or underinsured] motorist carrier to continue to proceed

in its own name simply because it elected to do so initially." *Keenan v. Hill*, 190 Ga. App. 108, 109 (1) (378 SE2d 344) (1989). In *Hill v. Demery*, 219 Ga. App. 225, 228 (464 SE2d 831) (1995), a case that is physical precedent only, this Court found that even if an uninsured motorist carrier had become a party to litigation, once the insurer determined no contractual issues existed, it could elect to withdraw its answer prior to trial. The *Demery* analysis applies here.

The trial court did not find, and the plaintiffs do not argue, that USAA's decision to withdraw prejudiced the Phillips in any way. Keeping USAA in the case against its will, however, tended to prejudice the jury through the mention of insurance. See *Moss*, supra. Although the trial court reasons that "[n]o other Defendant in a civil case can unilaterally withdraw from an action," neither can any other defendant "elect" not to participate in litigation without risking a default judgment. The legislature has given that choice to uninsured motorist carriers, and we see no reason here to hold that the insurer may not change its mind, especially when doing so does not prejudice the plaintiff.

3. To the extent our opinion does not address Singleton's remaining enumerations, those enumerations are rendered moot by our decision.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 1997 — 

*Ellis, Painter, Ratterree & Bart, Sarah B. Akins*, for appellants.
*Savage & Turner, Robert B. Turner, Robert S. Kraeuter, Howard E. Alls & Associates, Howard E. Alls*, for appellees.