## A98A1299. HOSSAIN et al. v. NELSON.
(507 SE2d 243)

Judge Harold R. Banke.

Mohammed Hossain and State Farm Mutual Automobile Insurance Company ("State Farm") contest a jury verdict in favor of Robert B. Nelson. On appeal, they enumerate seven errors.

After Hossain and Nelson were involved in a multi-vehicle accident, Nelson sued Hossain for soft tissue injuries. Nelson served the complaint on his uninsured motorist carrier, State Farm. While reserving its rights under OCGA § 33-7-11, State Farm filed an answer and cross-claim on its own behalf.

Prior to trial, State Farm withdrew its cross-claim but argued that by law it had three options: to appear in its own name, to appear without disclosure of insurance involvement, or to act as additional counsel for defendant. The court disagreed and ruled that State Farm could participate only if it were identified as a party and the jury was informed that State Farm was Nelson's uninsured motorist carrier. Contending that the injection of insurance would prejudice the jury and that the jury would be misled into believing that Hossain failed to obtain insurance, both State Farm and Hossain stated their opposition.[1] The court ruled that if State Farm elected not to be a party, then its counsel could have no active role in the trial but could confer with Hossain's counsel and could appear as additional counsel for the defendant in closing. State Farm accepted this ruling and elected not to proceed in its own name.[2]

In its jury instruction, the trial court referred to "defendant" in the singular. Nevertheless, the court provided the jury with a verdict form drafted by the court which identified State Farm as an individual defendant and insinuated that Hossain was an "uninsured motorist."[3] The jury rendered a $150,000 verdict for Nelson. *Held*:

1. State Farm contends that the trial court abrogated its statu-

---

[1] It is undisputed that Hossain carried the statutory minimum amount of liability insurance and had a $15,000 liability policy with Safeway Insurance Company.

[2] According to the transcript, State Farm's counsel stated, "[j]udge, we'll accept Your Honor's ruling, but given the choices, I will appear as additional counsel for the defendant." State Farm claims the court reporter made a typographical error and that the transcript should read, "except to" the ruling.

[3] In the space for the defendant, the case caption on the verdict form provided: "vs. MOHAMMED HASSAIN, and -Uninsured Motorist- STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendants."

tory right not to appear in its own name by designating State Farm as a defendant on the verdict form. We agree.

When State Farm answered the suit in its own name as allowed by OCGA § 33-7-11 (d), it became a party to the case. See generally *Hulsey v. Standard Guaranty Ins. Co.*, 195 Ga. App. 803, 804 (395 SE2d 282) (1990). Nothing in OCGA § 33-7-11 (d), however, "prevents the insurer from changing its position during the course of litigation." *Singleton v. Phillips*, 229 Ga. App. 286, 288 (2) (494 SE2d 66) (1997). Accord *Keenan v. Hill*, 190 Ga. App. 108, 109 (1) (378 SE2d 344) (1989). In this case, we see no reason why State Farm could not unilaterally withdraw from the action prior to the start of the trial. *Hill v. Demery*, 219 Ga. App. 225, 228 (464 SE2d 831) (1995). Nor would Nelson have been prejudiced in any way, particularly since the record does not show the entry of a pretrial order.[4] *Singleton*, 229 Ga. App. at 289 (2). See *Applied Ecological Systems v. Weskem, Inc.*, 212 Ga. App. 65, 66-67 (441 SE2d 279) (1994).

In *Smith v. Phillips*, 172 Ga. App. 459, 461 (1) (323 SE2d 669) (1984), we held that "no judgment could be entered against the [uninsured motorist carrier] since it was not a named party to the proceedings." We see no reason for a different result here. Because State Farm had withdrawn from the case, its insertion on the verdict form was error. *State Farm Mut. Auto. Ins. Co. v. Brown*, 114 Ga. App. 650, 654 (2) (152 SE2d 641) (1966) (OCGA § 33-7-11 (d) does not authorize an insurance company to be named as a party defendant).

Nelson claims that by failing to object to the verdict form, State Farm waived its right to raise the issue on appeal. But this argument miscasts the issue. State Farm is not challenging the form per se but its inclusion as a named defendant when it had opted not to be a party. Nelson cites no authority, and we know of none, which authorizes a non-party to object to its inclusion on a verdict form. Compare *Monk v. Dial*, 212 Ga. App. 362, 365 (7) (441 SE2d 857) (1994) (where defendant fails to object to form of verdict at time of publication, issue is waived). But here, State Farm was not a defendant, and, in fact, State Farm's counsel had been expressly instructed by the court just to "spectate" and not to make any motion or objection whatsoever.

2. State Farm and Hossain contend that the trial court erred by unilaterally injecting liability insurance into the case by improperly identifying Hossain as an "uninsured motorist." We agree. As noted above, Hossain did, in fact, have a liability insurance policy. See *Cotton States Mut. Ins. Co. v. Austin*, 143 Ga. App. 309, 312 (238 SE2d

---

[4] No pretrial order had been entered by the court although counsel had submitted a consolidated one. See *Keenan*, 190 Ga. App. at 109 (3).

253) (1977) (negligent driver carrying minimum liability insurance is not an "uninsured motorist" within the meaning of OCGA § 33-7-11's predecessor statute). See *Strickland v. English*, 115 Ga. App. 384 (1) (154 SE2d 710) (1967) (uninsured motorist has right to have all reference to insurance stricken).

The reference to "uninsured motorist" on the verdict form and the designation of State Farm as a defendant after it opted not to participate improperly invited "the potentially prejudicial injection into the case of the presence of insurance coverage." *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). Nor is this a case where only a brief reference to insurance was made. Compare *Dubose v. Ross*, 222 Ga. App. 99, 100-101 (473 SE2d 179) (1996) (trial court rebuked counsel and gave curative instruction after plaintiff mentioned that defendant told her he had insurance). In light of the erroneous designation of State Farm as a named defendant, the incorrect suggestion that Hossain was an uninsured motorist, and the implicit injection of liability insurance into the case, we reverse. *Smith*, 172 Ga. App. at 462-464.

We address only those issues likely to recur on retrial.

3. The trial court did not err in refusing to restrict Nelson to the special damages pleaded in the "consolidated pretrial order" because no pretrial order had been entered. See *Applied Ecological Systems*, 212 Ga. App. at 66-67.

4. Hossain and State Farm contend that the admission of a summary of Nelson's medical expenses was error. Rather than introducing his actual medical bills, Nelson offered, over objection, a summary sheet which listed only the medical providers by name, range of dates and the total amount per provider with a final total of $12,959.71 from multiple sources. For example, entry 11 was for "miscellaneous prescriptions" from October 3, 1993 to October 5, 1996, totaling $1,355.91; while entry 12 was for "therapeutic exercise" from October 11, 1993 to December 29, 1993, totaling $3,230. Nelson admitted that he did not and could not compile the totals. Nor did he provide specific testimony substantiating the various subtotals. Hossain objected to the summary as inadmissible hearsay.

Although OCGA § 24-7-9 streamlines the process for offering medical bills without the necessity of a medical provider appearing personally, the rule does not obviate the need for laying a proper foundation. See *Atlanta Transit System v. Smith*, 141 Ga. App. 87 (1) (232 SE2d 580) (1977). Here, no proper foundation was made.

5. State Farm contends that its participation in the trial presentation was improperly restricted. We agree. On retrial, even if State Farm opts not to be a named defendant, it may participate in Hossain's defense as authorized by OCGA § 33-7-11 (d).

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 24, 1998 —
RECONSIDERATION DENIED OCTOBER 20, 1998 — 

*Crim & Bassler, Michael O. Sheridan, Joseph M. Murphey, Harper, Waldon & Craig, Thomas D. Harper, Trevor G. Hiestand,* for appellants.

*Akin & Tate, William M. Akin, Samuel L. Tate III,* for appellee.