## A00A1421. PHILLIPS et al. v. SINGLETON.
### (539 SE2d 177)

BLACKBURN, Presiding Judge.

Following a jury trial, Donna M. Phillips received a verdict in her favor of $10,747 for injuries she received in a car accident. Contending that the verdict was inadequate as a matter of law, Donna Phillips filed a motion for a new trial, which was denied.[1] Likewise, Anthony Phillips, Donna's husband, who was awarded $2,000 for loss of consortium, claimed that his verdict was inadequate, and he also filed a motion for new trial, which was denied. On appeal, both Donna and Anthony Phillips challenge the efficacy of the trial court's decision to deny their motions for a new trial due to an inadequate verdict. See OCGA § 51-12-12. For the reasons set forth below, we affirm.

The record shows that, on June 14, 1992, Donna Phillips was injured in an accident when Sebrina Singleton, after failing to stop at an intersection, drove her car into Donna Phillips' van. At trial, Singleton admitted her negligence in causing the collision. Following the accident, Donna Phillips, a dentist in the military at the time, developed severe headaches, pain in her neck, and numbness and tingling in her hands. She was diagnosed as having mild whiplash and a loss of normal curvature of the spine; however, a neurological exam produced normal results. Donna Phillips testified that these symptoms

---

[1] This is the second appearance of this case before this Court. In *Singleton v. Phillips*, 229 Ga. App. 286 (494 SE2d 66) (1997), we reversed a judgment for Anthony and Donna Phillips, finding that the trial court erred by requiring the Phillipses' uninsured motorist carrier to remain a named party defendant and by failing to grant the defendants' motion for partial directed verdict on Donna Phillips' claim that the collision prevented her promotion to lieutenant colonel in the United States Army.

began shortly after the accident and have never subsided. Donna Phillips and several of her colleagues further testified that her pain makes it more difficult for her to treat and assist her patients.

Anthony Phillips testified that his relationship with his wife was changed by the accident. He stated that she could no longer perform the housework that she had in the past, that she could no longer lead the athletic lifestyle that she was accustomed to, and that, as a result of her pain, she was simply not the same.

Because she was in the military until 1997, the majority of the services needed for Donna Phillips' treatment were provided to her at no cost. Evidence was presented, however, that Donna Phillips paid $2,747 in fees to nonmilitary doctors. At the conclusion of the trial, the jury awarded the amount of these fees to Donna Phillips as special damages, along with $8,000 in general damages. The jury awarded Anthony Phillips $2,000 for loss of consortium. Donna and Anthony Phillips appeal these awards, contending that they were inadequate and that the jury acted out of sympathy for Singleton. We disagree.

As a general precept, "[t]he sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors." *Stubbs v. Harmon.*[2] Likewise, damages for loss of consortium are general damages whose measure must be left to the enlightened conscience of the jurors. *Hightower v. Landrum.*[3] Moreover,

> an excessive or inadequate verdict is a mistake of fact rather than of law and addresses itself to the discretion of the trial judge who, like the jury, saw the witnesses and heard the testimony. In fact, the trial court's approval of the verdict creates a presumption of correctness which is not to be disturbed absent compelling evidence. . . . Of course, the appellate court may set aside a jury verdict under OCGA § 51-12-12 (a), but the threshold is extremely high. Our role is not to enter the jury box.

(Citations and punctuation omitted.) *Moody v. Dykes.*[4]

In this case, there is no compelling evidence that the jurors acted inappropriately in reaching their verdict. Although Donna Phillips testified that she has suffered pain since the accident, there was evidence that her dental practice continues and that she is not prevented from doing the procedures necessary to fulfill the requirements of her job. And, while there was testimony that Donna

---

[2] *Stubbs v. Harmon,* 226 Ga. App. 631, 633 (1) (b) (487 SE2d 91) (1997).
[3] *Hightower v. Landrum,* 109 Ga. App. 510, 516 (5) (b) (136 SE2d 425) (1964).
[4] *Moody v. Dykes,* 269 Ga. 217, 221-222 (6) (496 SE2d 907) (1998).

Phillips' injuries decreased her efficiency, no evidence was presented to the jury to quantify this claim for purposes of deriving an amount of damages. The jury heard the evidence presented to it, used its enlightened conscience, and quantified the Phillipses' damages to the best of their ability.

Contrary to the Phillipses' claims, there is also no evidence in the record supporting the argument that the jury was unduly sympathetic toward Singleton, a single working mother earning an hourly wage. To the contrary, Singleton testified that she did not want the jury's sympathy, and the trial court explicitly instructed the jury that sympathy or compassion should not affect their deliberations in any way. Here, "[t]he jury made its award in its enlightened conscience and based upon the evidence agreed to by all concerned. Its verdict stands." Id. at 222.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 6, 2000.

*Savage, Turner & Pinson, Robert B. Turner, C. Dorian Britt*, for appellants.

*Ellis, Painter, Ratterree & Bart, Ryburn C. Ratterree, Sarah B. Akins*, for appellee.