A06A0317, A06A0318. DAVIS et al. v. JOHNSON et al.;
and vice versa.
(634 SE2d 108)

BERNES, Judge.

Following the sale of their family-owned business, the cross-appellants Patricia H. Johnson et al. (the "Johnson Family") sued appellants T. Wayne Davis and Philip A. Belyew for common law fraud, securities fraud, and breach of fiduciary duty, and sought actual damages, punitive damages, and attorney fees and expenses.[1] After a two-week trial, the jury found in favor of appellants on all issues of liability but awarded the Johnson Family attorney fees and expenses. The trial court thereafter entered judgment on the verdict.

In these companion appeals, we must resolve the statutory basis upon which the jury awarded attorney fees and expenses to the Johnson Family. Appellants contend that the jury improperly awarded the Johnson Family attorney fees and expenses under OCGA § 13-

---

[1] The Johnson Family also sued Transit Group, Inc. ("TGI"). Due to bankruptcy proceedings, the action against TGI was stayed.

6-11. In contrast, the Johnson Family contends that the jury awarded them attorney fees and expenses under OCGA § 10-5-14, rendering the verdict contradictory and void. For the reasons discussed below, we agree with appellants. We therefore reverse the judgment and remand with instructions that the trial court strike the jury's award of attorney fees and expenses.

The present lawsuit arose out of a merger and acquisition that ultimately proved to be a financial failure. The Johnson Family owned and operated K.J. Transportation, Inc., a successful family trucking company. On June 16, 1998, TGI, a corporation run by appellants Belyew, President, and Davis, Chairman of the Board of Directors, acquired K.J. Transportation via a merger and acquisition agreement with the Johnson Family (the "Agreement").

Pursuant to the Agreement, the Johnson Family was paid in both cash and restricted TGI stock. The Agreement provided that the number of TGI shares the Johnson Family received in the exchange was based upon the public NASDAQ price. TGI's stock price ultimately plummeted, and TGI filed for Chapter 11 bankruptcy.

The Johnson Family filed suit against TGI and Davis and Belyew individually, alleging fraud, breach of fiduciary duty, and breach of contract. The Johnson Family predicated its claims upon the fact that, prior to the K.J. Transportation acquisition, Belyew had arranged for numerous private restricted stock sales of TGI stock at an average price nearly half that of the public NASDAQ price. The Johnson Family maintained that they were not aware of these private sales and that, had they been aware, they would not have agreed to the transaction. In addition, the Johnson Family contended that in violation of the Agreement, they had not been removed from all personal guarantees on K.J. Transportation's truck fleet financing within 60 days of the closing.

In their defense, appellants emphasized that the Johnson Family members were sophisticated business people who had been advised by corporate and securities lawyers. They argued that the Johnson Family was put on notice of the private sales in a disclosure letter that appellants' corporate attorney had prepared for the Johnson Family, and also by virtue of certain forms that had been filed with the Securities and Exchange Commission. As for the guarantees, appellants asserted that the majority of K.J. Transportation's guaranteed debt was paid off or refinanced at the acquisition closing and that TGI diligently pursued the release of the remaining guarantees. They also argued that no member of the Johnson Family had sustained any damages because none of them had paid any creditors of K.J. Transportation since the time of the acquisition and merger.

The trial court charged the jury on two possible bases for awarding attorney fees and expenses to the Johnson Family: (1) under the

Georgia Securities Act, OCGA § 10-5-14 (a), which allows recovery of attorney fees upon a finding of securities fraud; and (2) under OCGA § 13-6-11, which allows attorney fees in the event that appellants were shown to have acted in bad faith or been stubbornly litigious. The verdict form permitted the jury to award the Johnson Family attorney fees, but did not require the jury to specify under which statute the fees were being awarded.

After a two-week trial, the jury returned a six-part verdict in which it declined to find appellants liable or award actual or punitive damages for common law fraud (Part I), securities fraud (Part III), or breach of fiduciary duty (Part IV). It did, however, award the Johnson Family attorney fees and expenses from appellants jointly and severally (Part V). The jury also was asked to determine whether the Johnson Family should have discovered the alleged securities fraud within the time frame of the statute of limitation. Given an option to answer "Yes" or "No," the jury checked "No" (Part II). It is from the entry of judgment on this verdict that the parties appeal.

### Case No. A06A0317

Appellants assert that the jury intended to award the attorney fees and expenses under OCGA § 13-6-11, the bad faith statute, and that, as a result, the award of attorney fees and expenses must be struck because there was no finding of liability or award of damages on the Johnson Family's underlying substantive claims. "[A]ttorney fees and expenses of litigation under OCGA § 13-6-11, . . . are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim." (Citations omitted.) *Freeman v. Wheeler*, 277 Ga. App. 753, 757 (627 SE2d 86) (2006). See also *Steele v. Russell*, 262 Ga. 651, 651-652 (2) (424 SE2d 272) (1993). The Johnson Family, on the other hand, contends that the jury intended to award them attorney fees under OCGA § 10-5-14 (a), the Georgia Securities Act. They argue that because the jury found that they should not have discovered the alleged securities fraud within the statute of limitation, the jury implicitly found that appellants were liable for securities fraud.[2] As such, the Johnson Family claims that the jury's failure to award damages — in light of the award of attorney fees — renders the verdict contradictory and void, warranting a new trial, or alternatively, requiring this Court to remand the case to the trial court with instructions that it award additional damages as calculated under OCGA § 10-5-14 (a).

---

[2] They also argue that an award of attorney fees is mandatory upon a finding of securities fraud. See OCGA § 10-5-14 (a).

In construing a verdict, we look to the pleadings, the issues made by the evidence, and the charge. *Harrison v. Martin*, 213 Ga. App. 337, 344 (1) (444 SE2d 618) (1994). This Court must view all of the evidence and every presumption arising therefrom most favorably toward upholding the jury's verdict. *Nationwide Mut. Fire Ins. Co. v. Wiley*, 220 Ga. App. 442, 443 (2) (469 SE2d 302) (1996). "It is well settled that a strong presumption exists in favor of the validity of jury verdicts." *Ledee v. Devoe*, 250 Ga. App. 15, 21 (7) (549 SE2d 167) (2001).

> Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity. . . . [A]nd, if possible[,] a construction will be given which will uphold them. There is also a presumption that the verdict of a jury is based on a fair consideration of all matters presented to it.

(Punctuation and footnotes omitted.) *Roberts v. Aderhold*, 273 Ga. App. 642, 643-644 (1) (615 SE2d 761) (2005).

Guided by these principles, we conclude that the verdict reflects the jury's intent to absolve the appellants of any liability and to award the Johnson Family attorney fees and expenses under OCGA § 13-6-11. To hold otherwise would require this Court to ignore the fact that the jury awarded no damages, and, more importantly, checked "No" when it was asked directly in Part III of the verdict form whether it found the appellants liable, either individually or jointly, for securities fraud. The trial judge had instructed the jury that checking "No" in each portion of the verdict form would end their consideration of that portion of the Johnson Family's claim. Checking "No" to each question in Part III of the verdict form thus ended the jury's consideration of the securities fraud claims, rendering it illogical to conclude that the subsequent award of attorney fees in Part V was meant to relate to those claims.[3]

The Johnson Family's reliance on the fact that the jury checked "No" on Part II of the verdict form — which states, "In the exercise of reasonable diligence, the [Johnson Family] should have discovered the alleged violations of the Georgia Securities Act prior to December

---

[3] We note that the jury may have believed that appellants acted in bad faith, but in a manner short of actually committing securities fraud. This would explain why the jury awarded attorney fees but declined to hold appellants liable on the underlying securities fraud claims. Such an explanation makes particular sense here, where the jury was never instructed that attorney fees could be awarded under OCGA § 13-6-11 only if the jury found for the Johnson Family on an underlying claim or remedy.

15, 1998" — is misplaced. The jury's verdict is otherwise unambiguous with respect to the security fraud claims and Part II does not render it contradictory in that regard. The purpose of that question related to the relevant statute of limitation, and the jury was only given the option of answering "Yes" or "No." This Court will not infer that by answering "No" in Part II, the jury intended to directly contradict its express findings in Part III.

Because attorney fees awarded under OCGA § 13-6-11 are ancillary and recoverable only when a plaintiff prevails on an underlying claim or remedy, we reverse the trial court's judgment awarding the Johnson Family attorney fees and direct the trial court to strike Part V of the jury verdict. See OCGA § 9-12-8 (authorizing the court to strike the illegal portion of an otherwise legal verdict in order to render the remaining verdict valid); *Steele*, 262 Ga. at 651-652 (2) (upholding the trial court's decision to strike the jury's award of expenses of litigation because the jury declined to award damages on the underlying claim); *Hardin v. Fireman's Fund Ins. Co.*, 150 Ga. App. 277, 277-278 (1) (257 SE2d 300) (1979) (striking an award of attorney fees because the jury failed to make the requisite finding of bad faith). See also *Kimble v. Kimble*, 240 Ga. 100, 102 (2) (239 SE2d 676) (1977).

## Case No. A06A0318

1. Our holding in Case No. A06A0317 resolves the Johnson Family's claim on cross-appeal that the verdict was inconsistent and contrary to law.

2. The Johnson Family further argues on cross-appeal that the evidence demanded a verdict that appellants violated the Georgia Securities Act and that Belyew committed common law fraud. We disagree.

> We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. It is the function of the jury, not the appellate courts, to determine the credibility of witnesses and weigh any conflicts in the evidence. Our responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies, but merely to determine if there is sufficient evidence to authorize the verdict and judgment.

(Citations omitted.) *Barlow v. Veber*, 169 Ga. App. 65, 67-68 (3) (311 SE2d 501) (1983). See also *Quay v. Heritage Financial*, 274 Ga. App.

358, 362-363 (4) (617 SE2d 618) (2005). So viewed, we hold that based on the evidence discussed above, the jury was authorized to conclude that the Johnson Family was on notice of the stock transactions that otherwise form the basis of their complaint and that Belyew's failure to obtain the releases from the remaining guarantees was not the result of fraud.

Accordingly, we affirm the trial court's judgment on the underlying substantive claims. However, we reverse the judgment to the extent it awarded attorney fees and expenses and remand to the trial court so that the award can be stricken.

*Judgment affirmed in part, reversed in part and case remanded with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 7, 2006.

*Moore, Ingram, Johnson & Steele, Christopher L. Moore, G. Phillip Beggs,* for appellants.

*Hawkins & Parnell, Jack N. Sibley, Thomas P. Mitchell, Catherine A. McCormack, Brock & Clay, Charles C. Clay, Charles M. Dalziel, Jr., Joseph B. Alonso,* for appellees.

