**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2019**

# In the Court of Appeals of Georgia

A18A1523. APPLING v. STATE FARM FIRE & CASUALTY COMPANY.   MI-057

MILLER, Presiding Judge.

This appeal stems from a vehicle collision between Ricky Appling and an underinsured motorist. After a jury trial, at which the jury awarded Appling $192,000, Appling's insurer, State Farm Fire & Casualty Company ("State Farm"), paid Appling's judgment but requested that the trial court reduce the amount based on medical expenses it had already paid. Appling now appeals from the trial court's post-judgment order, in which the trial court ruled that State Farm was entitled to an offset of $22,490.76, because this money was duplicative of State Farm's pretrial payments for Appling's medical expenses.

Because Appling's insurance policies with State Farm prohibit the duplication of medical benefits, and given our precedent dictating that we are to presume that Appling's verdict included a medical expenses award, the trial court correctly determined that State Farm was entitled to the offset amount. Accordingly, we affirm.

"A trial court's ruling on a [motion for entry of satisfaction of judgment] based on a question of law, as here, is reviewed de novo. When reviewing a trial court's ruling on a legal question, we owe no deference to that court." (Citation omitted.) *State Farm Mut. Auto. Ins. Co. v. Hall*, 309 Ga. App. 271 (709 SE2d 867) (2011).

Underlying this appeal is a 2013 motor vehicle accident between Appling and an underinsured motorist, Jonathan Rufus Benton, in which Appling was injured. Benton was cited for failing to yield the right-of-way. Appling received $25,000 from Benton's insurance company, in exchange for a limited liability release. At the time of the accident, Appling held insurance policies with State Farm, which provided uninsured/underinsured motorist (UM) coverage.

Appling sued Benton, and State Farm defended the case

in Benton's name, pursuant to OCGA § 33-7-11 (d).[1] In his amended complaint, Appling claimed, inter alia, that he was entitled to recover "the full value of his past medical expenses in an amount of $107,455.43." At trial, Appling apparently entered into evidence medical bills amounting to more than $106,000.

The jury awarded Appling $192,000, but found that he was five percent contributorily negligent. Accordingly, the trial court subtracted five percent of the verdict to account for Appling's contributory negligence ($9,600), as well as the $25,000 payment that Appling had received from Benton's insurance company. The total judgment amount that Appling received was $157,400.

State Farm paid this judgment in full, and also filed a motion for entry of satisfaction of judgment, informing that it had paid $22,490.76 for Appling's medical expenses before the trial under the medical payments coverage in Appling's insurance policies.[2] Attached to State Farm's motion was a payment log reflecting medical payments that State Farm had made from 2013 to 2015 both to Appling and on his

[1] Although State Farm initially filed an answer to the complaint, it later withdrew this answer.

[2] At oral argument on Appling's appeal, Appling's counsel indicated that these payments were in fact made.

behalf, in connection with Appling's insurance claim.[3] State Farm also submitted a copy of a "Car Policy" booklet, which contained Appling's policies for medical payments coverage, as well as UM coverage. The UM coverage language contained a nonduplication clause, stating that any amounts State Farm paid as expenses under Appling's medical payments coverage would not be paid again under Appling's UM coverage. Thus, State Farm requested that the trial court enter a satisfaction of judgment reflecting payment of $134,909.24, to account for the medical payments which State Farm had made before the trial.

In his own motion for entry of satisfaction of judgment, Appling argued that State Farm did not proffer evidence of its earlier payments of medical expenses or the policy documents during the trial and was thus precluded from asserting it as part of a post-judgment motion. At the hearing on the parties' motions, Appling added that, because the jury had rendered its verdict using a general verdict form, and had not specified which parts of the award were intended to compensate for which losses, it

---

[3] We note that State Farm's payment log appears to indicate that it had paid $22,490.36, and not $22,490.76, but there is no dispute regarding the calculation of the amount paid.

was uncertain whether any portion of the jury's verdict represented damages for incurred medical expenses.

Following the hearing, the trial court ordered that the judgment be marked as satisfied based on State Farm's payment of $134,909.24, and directed that Appling return $22,490.76 to State Farm, which Appling's counsel had been holding in trust until the trial court decided the issue. The trial court found that (1) because Appling presented evidence at trial of incurred medical expenses and sought recovery to that effect, there was a presumption that the verdict included an award for incurred medical expenses; and (2) Appling's insurance policies with State Farm prevented the duplication of benefits that Appling had received under his medical payments coverage. This timely appeal followed.

1. Appling contends that State Farm waived the issue of the nonduplication clause by omitting this from the pretrial order, and because this policy language was not stipulated to or produced in evidence. This argument is unavailing.

First, the pretrial order fairly raised the issue of the insurance policy terms. "A pretrial order limits the issues for trial and controls the subsequent course of the action unless modified at trial to prevent manifest injustice. Nonetheless, a pretrial order should be *liberally* construed to allow the consideration of all questions fairly

within the ambit of the contested issues." (Citations and footnotes omitted; emphasis supplied.) *Gerschick v. Pounds*, 281 Ga. App. 531, 536 (3) (636 SE2d 663) (2006).

Here, the pretrial order[4] specifically states,

> State Farm . . . provides certain insurance benefits to [Appling] under insurance policies applicable to [Appling's] claim. In the event the jury finds that [Benton] was at fault, State Farm . . . agrees that, *under the terms of the applicable insurance policies*, and subject to applicable provisions of law, it may be obligated to pay [Appling] compensatory damages, as determined by the jury. The order subsequently provides, "[i]f the case is based on a contract, . . . [State Farm's] obligation to [Appling] is governed by the applicable insurance policies under which State Farm is obligated to pay [Appling UM] benefits under certain terms and conditions." The pretrial order then lists, by policy number, four of Appling's policies with State Farm that provided UM coverage.

Construing the order liberally, we determine that the pretrial order fairly raised the issue of whether State Farm's obligation to pay Appling's damages would be governed by the policy language, and, specifically, the nonduplication clause. *Williams v. Safeway Ins. Co.*, 223 Ga. App. 93, 94 (476 SE2d 850) (1996) (pretrial order "fairly raised the issue of [the insurance company's] liability for uninsured

---

[4] Appling's counsel signed the proposed version of the pretrial order, which the trial court adopted.

6

motorist coverage," even though the question of whether the defendant was an uninsured motorist was not for the jury to decide); *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522 (1) (428 SE2d 426) (1993).

Next, the policy language clearly prohibits the duplication of benefits at issue here. "Under Georgia law, an insurer may fix the terms of its policy as it wishes, provided the terms are not contrary to law." *Mabry v. State Farm Auto Ins. Co.*, 334 Ga. App. 785, 788 (1) (780 SE2d 533) (2015).[5] We are also mindful that the "Georgia uninsured motorist statute is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is a beneficiary." (Citation omitted; emphasis supplied.) Id. Additionally, "insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. If the language in the contract is unambiguous, we will enforce the policy as written."

---

[5] OCGA § 33-7-11 (i), which was amended effective January 2009, provides:

"In addition to any offsets or reductions contained in the provisions of division (b) (1) (D) (ii) of this Code section . . . the policy providing the coverage required by this Code section may contain provisions which exclude any liability of the insurer for . . . personal or bodily injury or death for which the insured has been compensated pursuant to 'medical payments coverage,' . . . ."

7

(Citations and footnotes omitted.) *Cincinnati Ins. Co. v. Magnolia Estates, Inc.*, 286 Ga. App. 183, 185 (648 SE2d 498) (2007).

The UM policy states that State Farm "will not pay under [UM coverage] any damages . . . that have already been paid as expenses under the Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance." Appling is bound by these plain and unambiguous terms, and, accordingly, cannot expect to be entitled to a double recovery from State Farm for the same loss. Thus, State Farm need not pay Appling damages for medical expenses under his UM coverage when those damages duplicate payments that State Farm has already made under Appling's medical payments coverage.

Further, State Farm was not — either before or during trial — obligated to submit evidence of the nonduplication clause or the pretrial payments because only *Benton's* defense was relevant during trial. Although State Farm initially filed an answer to Appling's complaint, it withdrew that answer and effectively chose not to participate in the litigation its own name.[6] See *Singleton v. Phillips*, 229 Ga. App. 286, 288 (2) (494 SE2d 66) (1997) ("the choice to participate or not to participate [in

---

[6] Also, in the pretrial order, State Farm indicated that it was reserving its right to withdraw its answer and defend the action in Benton's name.

the litigation] is left to the insurer, but nothing in [OCGA § 33-7-11 (d)] prevents the insurer from changing its position during the course of litigation."); *Hossain v. Nelson*, 234 Ga. App. 792, 793 (1) (507 SE2d 243) (1998) (same). Benton's defense to the tort action was not at all related to any offset or reduction to which State Farm may be entitled in its satisfaction of the judgment. Therefore, evidence of the nonduplication clause, and State Farm's pretrial payments for Appling's medical expenses, were beyond the scope of Appling's tort claim against Benton, and would not have been relevant to any issue being tried. See *Fire & Cas. Ins. Co. of Connecticut v. Spell*, 183 Ga. App. 675, 677 (359 SE2d 705) (1987) (extent to which UM insurance carrier was ultimately required to satisfy the judgment was not a relevant issue in the underlying tort action, and insurance carrier's defense in this regard should have been struck). See also OCGA § 24-4-402 ("Evidence which is not relevant shall not be admissible."). Accordingly, the trial court properly considered this evidence as part of State Farm's post-judgment motion for entry of satisfaction of judgment.

2. Next, Appling argues that because the jury's verdict form did not delineate how much of the recovery represented incurred medical expenses, it is uncertain whether the verdict encompassed the $22,790.76 in medical payments. We cannot

agree that the jury's use of a general verdict form bars State Farm from receiving the offset.

"In construing a verdict, we look to the pleadings, the issues made by the evidence, and the charge." (Citation omitted.) *Davis v. Johnson*, 280 Ga. App. 318, 321 (634 SE2d 108) (2006). "Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity. . . . There is also a presumption that the verdict of a jury is based on a fair consideration of all matters presented to it." (Citation omitted.) Id.

Per the pre-trial order, Appling sought damages for incurred medical expenses in the amount of $107,455.43. Appling apparently presented to the jury evidence of more than $106,000 in incurred medical expenses, and the jury was instructed on such damages, as well as damages for pain and suffering. According to the pretrial order, Appling also sought compensation for future medical expenses, loss of enjoyment of life, and inconvenience and disruption of normal life activities. At trial, however, Appling did not present any evidence ascribing a monetary value to any of these losses.[7] Given our presumption that the jury's verdict was based on a fair

---

[7] In closing argument, Appling appears to have asked the jury to award him $106,000 in damages for incurred medical expenses, and $150,000 for pain and suffering, for a total verdict of approximately $256,000.

10

consideration of the matters presented, we likewise presume that the jury's verdict of $192,000 included damages for medical expenses for which State Farm had already compensated Appling, and "the set off is necessary to avoid a double recovery." *Myers v. Thornton*, 224 Ga. App. 326, 328 (480 SE2d 334) (1997) ("[U]nder the evidence and issues submitted to the jury, their verdict must be presumed to include an award for the cost of repairing plaintiffs' car so that the set off is necessary to avoid a double recovery by plaintiffs."). See also *Georgia Farm Bureau Mut. Ins. Co. v. Harper*, 272 Ga. App. 536 (612 SE2d 861) (2005) (applying the presumption that the jury's lump sum verdict included a medical expenses award) (physical precedent only). Thus, the trial court did not err in applying the offset when entering the satisfaction of judgment.

Lastly, Appling's attempt to analogize this case to *Mabry*, supra, is unavailing. In *Mabry*, State Farm moved for summary judgment against the insured, asserting that nonduplication provisions in the insurance policies prevented recovery for any workers' compensation and medical benefits that had already been paid. *Mabry*, supra, 334 Ga. App. at 786. In that case, however, we reversed the trial court's grant of summary judgment to State Farm because the insured was contending that the pretrial payments were separate from the recovery he was seeking at trial, such as lost

wages, future medical expenses, and compensation for pain and suffering. Id. at 789 (1). Thus, the plaintiff in that case sought to recover solely for uncompensated losses. Id.

This case is distinguishable from *Mabry* because Appling received compensation for incurred medical expenses as part of his insurance claim with State Farm, then went to trial and *also* sought damages that included some of the same incurred medical expenses. Therefore, some of the losses at issue in trial were duplicative of the same losses for which Appling had already been compensated, and our decision in *Mabry* does not apply here.

For the preceding reasons, we determine that the trial court correctly found that State Farm was entitled to the offset in the amount of $22,490.76, representing the pretrial medical payments that it had made to Appling and on his behalf. Accordingly, we affirm the trial court's grant of State Farm's motion for entry of satisfaction of judgment in the amount of $157,400.

*Judgment affirmed. Brown and Goss, JJ., concur.*