### 7977.  POLK *v.* THE STATE.

1. It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its knowledge of the nature and sanctity of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been abused.

2. The charge of the court, when considered as a whole, fairly and fully presented the legal issues in this case, and the excerpts complained of are not subject to the criticisms urged in the motion for new trial.

3. Where a special plea of insanity at the time of trial is filed by the defendant in a criminal case, this court will not set aside a verdict finding against the plea, unless it appears that the evidence demands a finding in favor of the plea.

DECIDED FEBRUARY 16, 1917.

Indictment for murder; from Baldwin superior court—Judge Park. October 28, 1916.

*John T. Allen, John A. Sibley,* for plaintiff in error.

*Edward R. Hines, solicitor-general pro tem.,* contra.

LUKE, J. C. F. Polk was indicted in Baldwin superior court for the offense of murder. He filed a special plea of insanity at time of trial, as follows: "This defendant, through his attorneys at law as aforesaid, avers that he, the said C. F. Polk, is now an insane person and so afflicted with insanity that he is not a fit person to be put upon trial for the offense of murder, and that his mental condition is such that he is incompetent and unable to make a proper defense of the crime of which he is charged, and that he is unable to assist his counsel in making such defense thereof." This issue having been submitted to a jury and the jury having found against the plea, the defendant filed a motion for a new trial, which was overruled by the court; and to the judgment overruling the motion he excepts.

1. The defendant excepts to the ruling of the court in permitting a witness eight years old to testify. The witness was examined in open court and seemed to understand the sanctity of an oath, and the court decided that the witness was competent. The competency of a witness is left to the sound discretion of the court, and this court will not interfere, where it does not appear that such discretion has been flagrantly abused. *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99).

2. The charge of the court, when considered as a whole, was full and fair to the defendant, and not subject to the criticisms urged.

3. Under the evidence this court can not say that a verdict was demanded in favor of the special plea of insanity. Where the issues are fairly submitted to the jury, in a case of this kind, and the trial court approves the verdict, this court will not interfere with the finding of the jury, unless a different verdict is demanded. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and George, J., concur.*