### 20582. CAISON *v.* THE STATE.

DECIDED JULY 16, 1930.

*C. L. Cowart,* for plaintiff in error.

*J. T. Grice, solicitor-general,* contra.

BLOODWORTH, J. The accused was put on trial under an indictment for murder. He filed a plea alleging that at the time of the trial he was insane. This special plea was a dilatory one and amounted to a plea in abatement. A bill of exceptions will not lie to a judgment overruling a motion for a new trial where the trial was upon the issues raised by such a plea and the verdict was against the plea. This question is settled by the ruling in *Futch* v. *State,* 37 *Ga. App.* 151 (139 S. E. 110), which is as follows: "A bill of exceptions will not lie to a judgment overruling a motion for a new trial in a criminal case where the only trial had was upon the issues raised by a plea in abatement, the verdict being against the plea. There is no difference in principle between a verdict finding against a plea in abatement, and a finding against such a plea by the judge (where, by consent, he passes upon the plea without the intervention of a jury), and it is well settled that the striking of a plea in abatement is not a 'final' judgment within the meaning of section 6138 of the Civil Code of 1910. *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596); *W. & A. R. Co.* v. *Williams,* 146 *Ga.* 27 (90 S. E. 478); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292). A plea of res judicata is a plea in abatement."

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*