## 44598. SPELL v. THE STATE.

JORDAN, Presiding Judge. The defendant, having been indicted for murder, filed through his attorney a special plea of insanity at the time of trial, alleging that he "has not sufficient mental capacity and mind to make his defense, and to advise his counsel as to his defense, and the facts upon which it is founded to enable him to prepare and make the same." He also moved to suppress certain evidence and for the appointment of a psychiatrist to examine him. The court overruled the motions, and following an adverse verdict and judgment on the special plea of insanity, the court overruled a motion for a new trial on this issue, from which the defendant appealed to the Supreme Court. Due to the absence of any showing in the record of a conviction of a capital felony or any other basis for invoking the jurisdiction of the Supreme Court that court transferred the appeal to this court. *Spell v. State,* 225 Ga. 237 (167 SE2d 642). *Held:*

In the transfer of the case to this court as one not involving a conviction of a capital felony the Supreme Court did not reach and did not make any specific ruling on the issue of whether the appeal is premature under the provisions of § 1

of the Appellate Practice Act, as amended. See *Spell v. State,* supra. Except for the matters listed in § 1 (a), 3 and 4, not here applicable, an appeal is authorized only where the judgment is final, i.e., "where the cause is no longer pending in the court below" or where the trial court "certifies within 10 days of entry thereof that such order, decision or judgment is of such importance to the case that immediate review should be had." Ga. L. 1965, p. 18; 1968, pp. 1072, 1073 (*Code Ann.* § 6-701). The record reveals no certificate of the trial court, thus restricting the issue of appealability to a determination of whether the appeal is from a final judgment.

The word "cause" is by no means novel to the present statute, having long appeared in predecessor statutes. More than fifty years ago this court stated that "We think the word 'cause,' as used in [the] statute, refers to the entire case, the entire suit or litigation, and the entire question being litigated under the petition; and as long as any portion of the 'cause' is pending in the court below, the 'cause' cannot be carried to an appellate court" except as then provided with respect to decision which would have been final if rendered as claimed by the appealing party. *Carhart v. Mackle,* 22 Ga. App. 520, 522 (96 SE 591).

*Code* §§ 27-1501, 27-1502, and 27-1504 afford the basis for the filing and trial by special jury of the issue made by a plea of insanity at the time of trial. See *Danforth v. State,* 75 Ga. 614 (3c) (58 AR 480). Considered together, *Code* §§ 27-1502 and 27-1504 provide for the detention of the accused as an insane person only in the event of a finding in his favor on his plea, until discharged in the manner prescribed by law, and his trial for an offense is suspended only "during the time he is afflicted with such lunacy or insanity." Thus the relief afforded by the plea if sustained, is of the nature of the relief afforded by a plea in abatement, which can only operate to suspend or put off further proceedings, as distinguished from an absolute and final bar to further prosecution. See *Carter v. Solomon,* 54 Ga. App. 517 (1) (188 SE 545). If the plea is not sustained the law is silent as to further action, clearly implying that the State is free to proceed with the trial. Accordingly, whatever the judgment on a plea of insanity at the time of trial, we think it is an interlocutory judgment, and not subject to direct appeal without a timely certificate from the trial court. *Caison v. State,*

41 Ga. App. 658 (154 SE 297) ; *Futch v. State,* 37 Ga. App. 151 (139 SE 110). Even though the opinions in *Polk v. State,* 18 Ga. App. 324 (89 SE 437) and 19 Ga. App. 332 (91 SE 439) appear to be physical precedents to the contrary, there is nothing in either opinion to disclose that the issue of the finality of the judgment was ever raised or considered, ex mero motu or otherwise, whereas the issue was specifically considered and ruled upon in the *Caison* and *Futch* cases, supra. Also, in regard to the premature appeal of interlocutory rulings which leave the case pending in the court below, see *Whitton v. Barrow,* 159 Ga. 57 (124 SE 874) ; *Smith v. Board of Educ. of Floyd County,* 166 Ga. 535 (143 SE 578) ; *Edison v. Dundee Woolen Mills,* 18 Ga. App. 460 (89 SE 536) ; *General Shoe Corp. v. Hood,* 119 Ga. App. 648 (168 SE2d 326). Nothing herein is intended to preclude a determination of the merits of the enumerations in the present appeal if properly raised on an appeal from a final judgment. See § 1 (b) of the Appellate Practice Act (Ga. L. 1965, p. 18, as amended; *Code Ann.* § 6-701 (b)) ; *Brown v. State,* 215 Ga. 784 (113 SE2d 618).

*Appeal dismissed. Hall and Whitman, JJ., concur.*

SUBMITTED JULY 9, 1969—DECIDED SEPTEMBER 3, 1969—
REHEARING DENIED SEPTEMBER 29, 1969—

*Gordon Knox, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, William R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.