S94A1197. GEORGIA DEPARTMENT OF HUMAN RESOURCES v. DRUST.
(448 SE2d 364)

THOMPSON, Justice.

Dennis M. Drust shot and killed two people with a handgun and turned the gun on himself, inflicting a traumatic brain injury. Charged with two counts of murder, felony murder and aggravated

assault, he filed a plea of mental incompetency to stand trial under OCGA § 17-7-130 and waived his right to a jury trial on the incompetency issue. At the hearing, the Georgia Department of Human Resources (DHR) took the position that it could not treat Drust adequately; that, therefore, he could not be transferred to the DHR; and that it was the County's responsibility to treat him. Nevertheless, after finding him incompetent to stand trial, the court ordered Drust's transfer to the DHR pursuant to OCGA § 17-7-130 (a). The DHR appeals, arguing that OCGA § 17-7-130 applies to incompetency caused by mental illness or retardation, not to incompetency caused by traumatic brain injury.

1. Drust moved to dismiss the appeal, asserting the DHR is not a party in this criminal case and, therefore, cannot bring this appeal. We disagree. The DHR was made a party to the case when, despite the DHR's protest, the trial court ordered Drust's transfer to the DHR. *Travelers Ins. Co. v. Segan*, 190 Ga. App. 66, 67 (378 SE2d 367) (1989). It follows that the DHR has standing to bring this appeal. Id. See also *In re Prisoners Awaiting Transfer*, 236 Ga. 516 (224 SE2d 905) (1976).

2. Relying upon *Spell v. State*, 120 Ga. App. 398 (170 SE2d 701) (1969), Drust also asserts the appeal should be dismissed because the DHR failed to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). In *Spell*, the defendant filed a special plea of insanity and appealed from an adverse verdict and judgment on the special plea. The Court of Appeals dismissed, holding that the judgment on the special plea was interlocutory and not subject to direct appeal without a certificate of immediate review. In reaching that decision, the appellate court added the following dictum: "whatever the judgment on a plea of insanity at the time of trial, we think it is an interlocutory judgment . . . ." Id. at 399.

We agree that a judgment denying a plea of insanity is interlocutory and not subject to direct appeal. When a plea of insanity is denied, the defendant can raise the issue on appeal from a final judgment.

However, when a plea of insanity is granted, the issue may never be reviewed because the defendant may never be tried. See OCGA § 17-7-130. Thus, we hold that the DHR can appeal directly from the grant of the plea of insanity in this case. See *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7) (1982) (broader construction of final judgment rule is appropriate where order appealed from denies plea of double jeopardy); *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 350 (333 SE2d 389) (1985) (direct appeal lies from order compelling testimony of witness before grand jury).

3. OCGA § 17-7-130 provides that when a defendant is deemed mentally incompetent to stand trial, the court shall retain jurisdiction

over him, but transfer him to the DHR. There is nothing in OCGA § 17-7-130 which supports the DHR's contention that such transfers are only to be made when defendant is mentally incompetent as a result of mental illness or retardation. The trial court did not err in transferring defendant to the DHR simply because his mental incompetence stems from a traumatic brain injury.

*Judgment affirmed. All the Justices concur.*

SEARS-COLLINS, Justice, concurring.

As the trial court has found Drust incompetent to stand trial, I agree with the majority opinion that the trial court properly ordered that Drust be transferred to the Department of Human Resources (DHR). OCGA § 17-7-130 (a). That subsection of § 17-7-130 clearly authorizes the transfer. I write only to emphasize that the DHR may be required to transfer Drust back to law enforcement officials of the committing court at the end of 90 days.

Section 17-7-130 (b) requires the DHR to determine, within 90 days of the transfer, if Drust is mentally competent to stand trial. Of course, if DHR finds Drust competent, then it must transfer him back to the committing court for trial. OCGA § 17-7-130 (b). If the DHR finds Drust incompetent, then it must determine whether Drust meets the criteria for civil commitment under Chapters 3 or 4 of Title 37. OCGA § 17-7-130 (c). If Drust does not meet the civil commitment standards, then § 17-7-130 (c) provides that the DHR *must* return Drust "to the court as provided for in subsection (e) of this Code section." At that point, if the law enforcement officers of the committing jurisdiction still wish to detain Drust, then they must do so at their own expense.

Thus, although the DHR must, at this stage of the proceedings against Drust, either take custody of Drust itself or make alternative arrangements for his care, if, as the DHR alleges, it does not have the facilities to treat Drust, the DHR does in fact have the authority to transfer Drust back to the committing court if Drust remains incompetent and the DHR subsequently determines that Drust is not civilly committable.

DECIDED OCTOBER 3, 1994.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles W. Smegal, Assistant District Attorneys, Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, William C. Joy, Patricia B. Downing, Senior Assistant Attorneys General*, for appellant.

*Megan C. De Vorsey, Susan B. Forsling,* for appellee.