## S95A0492. DRUST v. BARRETT.
(457 SE2d 560)

CARLEY, Justice.

After shooting and killing two people, appellant turned the gun on himself and inflicted a serious wound to his head. When a multi-count indictment was returned against him, he filed a special plea of

mental incompetency to stand trial. Pursuant to OCGA § 17-7-130, appellant was found to be incompetent and ordered transferred to the Department of Human Resources (DHR). On appeal, this court affirmed the transfer order. *Dept. of Human Resources v. Drust*, 264 Ga. 514 (448 SE2d 364) (1994). Thereafter, DHR found appellant to be mentally incompetent to stand trial and without a substantial probability of attaining competency in the foreseeable future and, in the probate court, he was found not to meet the criteria for civil commitment. In accordance with the mandate of OCGA § 17-7-130 (c), appellant then was returned to the trial court "as provided for in subsection (e)" of OCGA § 17-7-130 and incarcerated in the medical ward of the county jail. Alleging that his confinement in the county jail was an unconstitutional pre-trial incarceration of one who was neither competent to stand trial nor otherwise civilly committable, appellant filed a petition for habeas corpus relief. After conducting a hearing, the habeas court dismissed appellant's petition and appellant appeals from that order.

Subsequent to the dismissal of appellant's habeas corpus petition, a second trial was held to determine his competency and that proceeding resulted in a finding that he is competent. Accordingly, he no longer occupies the incompetency status which underlay his habeas corpus petition and his present confinement is the lawful consequence of the criminal charges which still remain pending against him. *Kearse v. Paulk*, 264 Ga. 509 (448 SE2d 369) (1994); OCGA § 9-14-16. It follows that his appeal from the dismissal of his habeas corpus petition by which he sought release from pre-trial incarceration based upon his incompetency status has been rendered moot and must, therefore, be dismissed. *Tyndall v. Zant*, 243 Ga. 737 (256 SE2d 466) (1979).

*Appeal dismissed. All the Justices concur.*

DECIDED MAY 30, 1995.

*Megan C. De Vorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph F. Burford, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

