S12A1720. BARHAM et al. v. CITY OF ATLANTA et al.

(738 SE2d 52)

THOMPSON, Presiding Justice.

A group of firefighters brought a class action lawsuit against the City of Atlanta alleging that the city breached its employment contracts with the firefighters as well as its statutory obligation to provide a fair and impartial promotional process by failing to prevent cheating on a fire lieutenant promotional exam.[1] The trial court issued an interlocutory injunction prohibiting the city from making any permanent promotions based on the results of the challenged exam and providing that all appointments would be temporary pending a final decision on the merits of the case. After the jury returned a verdict in favor of the plaintiffs finding that the exam had been tainted by cheating and that the city was liable, the trial court crafted a permanent injunction that contained mandatory instructions regarding how the city must implement a re-test. Among other things, the permanent injunction mandated that all individuals who scored 84 or higher on the first exam would be ineligible for promotion if their re-test score was two standard deviations (24 points) lower than their first score, and further provided that all individuals who scored 90 or higher on the first exam would immediately have their provisional promotions revoked.

Appellants, all of whom are firefighters who scored 90 or higher on the first exam, appealed from the entry of the permanent injunction seeking to challenge those provisions of the injunction that treat appellants as if they were parties to the case, notwithstanding that they never had been joined. Those provisions identify them as "probable cheaters," single them out for demotion, and impose special

---

[1] The class as certified by the trial court consisted of "[a]ll Atlanta Fire-Rescue Department employees who took . . . the written examination of April 11, 2010 seeking promotion to the position of Fire Lieutenant, excluding those employees who were provided answers in advance of taking the examination."

requirements on them relative to promotions following the re-test, requirements not imposed class-wide.[2] Appellees, named plaintiffs in the class action,[3] moved to dismiss the appeal, arguing that appellants lacked standing to challenge the trial court's judgment because they were not parties to the original action and because the judgment was not entered against them.

For the reasons set forth below, we find appellants have standing to appeal the judgment in this case. Further, we hold that the trial court abused its discretion in fashioning injunctive relief specific to appellants and erred in entering judgment against them. Accordingly, we vacate those portions of the permanent injunction that require the city to treat appellants differently from class members.

1. Generally, only a party to a civil case, or one who has sought to become a party as by way of intervention and has been denied the right to do so, can appeal from a judgment. *Thaxton v. Norfolk Southern Corp.*, 287 Ga. App. 347, 349 (652 SE2d 161) (2007). However, where judgment is entered against a nonparty, that nonparty becomes a party with standing to appeal. See *Georgia Dept. of Human Resources v. Drust*, 264 Ga. 514, 515 (448 SE2d 364) (1994). See also *BEA Systems v. WebMethods*, 265 Ga. App. 503, 508 (595 SE2d 87) (2004); *Travelers Ins. Co. v. Segan*, 190 Ga. App. 66, 67 (378 SE2d 367) (1989) ("It is illogical to suggest that one against whom a judgment has been entered lacks the standing to appeal from that judgment"). Appellees argue appellants have no standing to appeal the trial court's final judgment because it is directed against the city and its agents, it does not specifically enjoin appellants, and the mere fact that appellants are impacted by what the city is required to do does not make them parties with standing to appeal. We disagree.

---

[2] The City of Atlanta filed its own appeal in which it challenged the sufficiency of the evidence and alleged trial court error in the exclusion of expert testimony, the denial of the city's motion for directed verdict, and the denial of its motion for summary judgment as to plaintiffs' claim for attorney fees. Both the instant appeal and the city's appeal were transferred to this Court from the Court of Appeals. This appeal, which seeks to challenge the propriety of the equitable relief granted, falls within the jurisdiction of this Court pursuant to Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). However, the city's appeal, which does not challenge the propriety of the equitable relief granted, but only seeks review of the underlying legal issues, was returned to the Court of Appeals. See *Durham v. Durham*, 291 Ga. 231 (728 SE2d 627) (2012).

[3] This appeal was originally filed in the Court of Appeals and was styled by that court as *Barham et al. v. City of Atlanta* despite the fact that appellants were not adverse to the defendant/city, but rather to the plaintiffs in the underlying action. The style remained the same when the appeal was docketed in this Court following its transfer from the Court of Appeals; however, "et al." was added to reflect that the named plaintiffs from the class action below are additional appellees.

(a) In the instant case, the jury returned a verdict finding the city had allowed cheating on the exam. Importantly, the jury was not asked to determine which firefighters had cheated, nor did it. Nevertheless, the trial court crafted a permanent injunction at the urging of appellees that treated appellants as if they were parties to the lawsuit. The injunction not only prevented the use of the compromised test for permanent promotional decisions and specified how the city was to implement a re-test, but also singled out individual firefighters, including appellants, for disparate treatment based solely on their test scores on the contested exam. Specifically, the trial court singled out the top six scorers on the compromised test for demotion and imposed additional eligibility requirements tied to the re-test on these firefighters as well as on eight other high scorers. By identifying this small group of 14 firefighters as probable cheaters, the trial court's judgment immediately cast a cloud on their reputations. Moreover, whether identified by name or by their individual scores, the trial court's judgment contains individual findings of guilt and directs punitive action against appellants distinct from the class-wide retesting remedies entered against the city. We reject appellees' argument that appellants lack standing because the injunction was aimed at the city, not appellants. The clear import of the complained of provisions in the injunction is to require the city to punish appellants, thus treating them as if they were parties and thereby giving them standing to appeal. See *Drust*, 264 Ga. at 515 (1); *Travelers Ins.*, 190 Ga. App. at 67 (1).

(b) Nor do we accept appellees' contention that appellants were required to intervene in the underlying action in order to appeal a decision affecting them directly. See *Martin v. Wilks*, 490 U. S. 755, 763 (109 SC 2180, 104 LE2d 835) (1989) ("a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined"). If appellees wished to have individuals singled out for special retribution, it was incumbent on them to join these individuals as indispensable parties.

> Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree. The parties to a lawsuit presumably know better than anyone else the nature and scope of relief sought in the action, and at whose expense such relief might be granted. It makes sense, therefore, to place on them a burden of bringing in additional parties where such a step is indicated, rather than placing on

> potential additional parties a duty to intervene when they acquire knowledge of the lawsuit.

*Id.* at 765. We do not dispute that appellants could have moved to intervene post-judgment, see *Sta-Power Industries v. Avant,* 134 Ga. App. 952, 958-959 (216 SE2d 897) (1975); however, we decline to hold that such a motion is required to confer standing to appeal on a nonparty that the judgment treats as a party. See *BEA Systems,* supra at 509 ("when an injunction is entered affecting and restraining a nonparty, it has standing to appeal such injunction"). See also *AAL High Yield Bond Fund v. Deloitte & Touche,* 361 F3d 1305, 1311 fn. 10 (11th Cir. Ala. 2004) ("instance in which a nonparty may be sufficiently bound by a judgment to qualify as a party for purposes of appeal is when the nonparty is purportedly bound by an injunction"). See, e.g., *Devlin v. Scardelletti,* 536 U. S. 1, 9-14 (122 SC 2005, 153 LE2d 27) (2002). In the instant case the burden was on appellees to name, serve, and join as necessary parties, each firefighter against whom they intended to seek a judgment of cheating and upon whom they wished to have the trial court impose individual sanctions via injunctive order.

2. Having determined that appellants have standing to bring this appeal, we further find that the trial court abused its discretion by crafting an injunction which singled out appellants for demotion and required the city to impose judicial disciplinary action against them. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee,* 311 U. S. 32, 40 (61 SC 115, 85 LE 22) (1940). See *Zenith Radio Corp. v. Hazeltine Research,* 395 U. S. 100, 109 (89 SC 1562, 23 LE2d 129) (1969). "The opportunity to be heard is an essential requisite of due process of law in judicial proceedings." *Postal Telegraph Cable Co. v. Newport,* 247 U. S. 464, 476 (38 SC 566, 62 LE 1215) (1918); *Hansberry,* supra at 40-41.[4]

---

[4] While a recognized exception to the general rule exists in certain limited circumstances where a person, although not a party, has his interests adequately represented by someone with the same interests who is a party, such as in properly conducted class actions, we find no basis for applying the exception in this case. See *Martin v. Wilks,* supra at 762; see also *Hansberry,* supra at 41 ("judgment in a 'class' or 'representative' suit, to which some members of the class are parties, may bind members of the class or those represented who were not made parties to it. [Cits.]"). It is clear appellees, who contend that appellants were among those provided with answers in advance of taking the compromised exam, do not consider appellants to be members of the plaintiff class and appellants make no claim of class membership despite maintaining they did not cheat. As no argument can be made that appellants were "adequately represented"

As previously discussed in Division 1 (a), those provisions of the injunction singling out appellants for disparate treatment constituted an attempt by the court to impose special sanctions on appellants individually. Regardless of whether appellants had a property interest in receiving a provisional promotion to lieutenant during the pendency of this lawsuit, they certainly had a due process right to be free from having judicial action taken against them individually without first being afforded notice and a right to be heard on the merits. This Court recognizes the "deep-rooted historic tradition that everyone should have his own day in court." (Citations and punctuation omitted.) *Taylor v. Sturgell*, 553 U. S. 880, 893 (128 SC 2161, 171 LE2d 155) (2008); accord *United States v. Kirschenbaum*, 156 F3d 784, 792, 795 (7th Cir. 1998).

> A trial court abuses its discretion by enjoining nonparties that did not have "a full and fair opportunity to litigate." *Steans v. Combined Ins. Co. of America*, 148 F3d 1266, 1271-1272 (11th Cir. 1998). Trial courts "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. Nat. Labor Relations Bd.*, 324 U. S. 9, 13 (65 SC 478, 89 LE 661) (1945).

*BEA Systems*, supra at 509. Accordingly, we find that the trial court abused its discretion by entering an injunction which requires the city to execute punitive measures against appellants individually. Those portions of the trial court's judgment that order the city to treat appellants differently from members of the plaintiff class are therefore vacated.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 4, 2013.

*Buckley & Klein, Edward D. Buckley III, Cheryl B. Legare, Brian J. Sutherland, Steven E. Wolfe*, for appellants.

---

at trial by appellees and no class exists which encompasses the city and appellants, we find appellees' argument that appellants were "adequately represented" by the city to be unpersuasive.

*Greenberg Traurig, Ernest L. Greer, Michael J. King, Mark G. Trigg, Parks, Chesin & Walbert, Allan L. Parks, Jr., Larry H. Chesin,* for appellees.