# Court of Appeals
# of the State of Georgia

ATLANTA,___March 30, 2016___

*The Court of Appeals hereby passes the following order:*

**A16A0210.  SMITH v. THE STATE.**

Acting pro se, Appellant Linda Marie Smith filed a notice of appeal from an order of the Superior Court of Chatham County finding her incompetent to stand trial and transferring her for treatment to the Department of Behavioral Health and Development Disabilities, Georgia Regional Hospital at Savannah, pursuant to OCGA § 17-7-130. In accordance with OCGA § 17-7-130 (c), the underlying case is not terminated by the order; instead, as the order states, "the [trial] [c]ourt retains jurisdiction over [Smith]," see *Ga. Dept. of Human Resources v. Drust*, 264 Ga. 514, 515-516 (3) (448 SE2d 364) (1994), and "[w]ithin 90 days after the Department has received actual custody of [Smith], she shall be evaluated and a diagnosis made as to whether there is a substantial probability that defendant will attain mental competency to stand trial in the foreseeable future." See OCGA § 17-7-130 (c).

Smith was represented by counsel in the trial court, the underlying action remains pending below, and there is no indication in the record that counsel was permitted to withdraw from representing Smith.

> A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect. [Smith's] pro se notice of appeal, filed when the record indicates that [s]he was represented by counsel, had no legal effect[.]"

(Citations and punctuation omitted.) *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014).

Accordingly, this appeal is hereby dismissed. See id. (noting that had appellant's "pro se notice of appeal been sent to the Court of Appeals . . . the appeal would properly have been dismissed . . . on the ground that the notice of appeal was invalid because [appellant] was not actually pro se when he filed it"); see *Cox v. State*, 279 Ga. 223, 224 (1) (610 SE2d 521) (2005) (appellate court refused to entertain a pro se motion where accused was represented by a lawyer); *Pless v. State*, 255 Ga. App. 95-96 (564 SE2d 508) (2002) (holding that pro se motions for new trial filed when a defendant was represented by counsel had "no legal effect whatsoever" and did not toll 30-day limit within which defendant was required to file a notice of appeal; appeal dismissed) (punctuation and footnote omitted).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____03/30/2016_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*