302 Ga. 33
FINAL COPY

S17A0762.  BENNETT v. ETHERIDGE.

BOGGS, Justice.

Rhonda Bennett f/k/a Rhonda Donley filed an amended motion for new trial following a habeas court order discharging the payment of restitution and any arrearage for back child support by the purported biological father of Bennett's minor child. Concluding that she is a non-party to the underlying action and therefore has no standing to challenge its order, the court dismissed Bennett's motion. Because the habeas court erred in concluding that Bennett lacks standing, we reverse and remand this case.

The record reveals that in September 2012, the father, Damian Etheridge, pled guilty to four counts of abandonment of a dependent child. He was sentenced to ten years' probation and ordered to pay $46,080 in restitution for past-due child support to Bennett. In May 2015, Etheridge filed an application for writ of habeas corpus alleging fraud, that his plea was invalid, the evidence was insufficient to sustain his conviction, and asserting that he received

ineffective assistance of counsel. In March 2016, the habeas court entered a one-page order[1] finding that Bennett had blocked Etheridge's attempts to legitimate the child, and that she had filed a criminal complaint against him for abandonment requesting back child support. The court noted that Etheridge had moved to Las Vegas, Nevada, was married and had a family and a steady job, and had been ordered to pay back child support totaling over $40,000. The habeas court granted Etheridge's petition for habeas corpus relief, finding that he had satisfied his debt of back child support. The court ordered "that any further arrearage be discharged. The court does, however, note that Mr. Ether[i]dge is to continue paying child support in the court-ordered monthly amount of $377.00 by automatic payroll deduction until the child reaches adulthood."

Bennett filed a timely motion for new trial on March 30, 2016, and an amended motion on April 7, 2016. On April 26, 2016, the habeas court issued an order requesting that Bennett, within 30 days, brief the issue "on whether the relief sought in the Motion of New Trial is proper and has any basis in the law."

---

[1] It is unclear from the designated portions of the record whether the habeas court held a hearing on Etheridge's petition.

2

On May 25, 2016, Bennett filed a brief in which she asserted that the court's order on Etheridge's habeas corpus petition was contrary to law and the evidence, and strongly against the weight of the evidence. On June 8, 2016, the habeas court dismissed Bennett's amended motion for new trial on the ground that she "is a non-party to this action. Ms. Bennett has not been able to produce any legal authority that would demonstrate to the Court that she has standing in this case." It is from this order that Bennett appeals.

Bennett asserts that she has standing as the recipient of restitution based on a pre-existing arrearage and as the child's representative, and that even if she did not have standing on Etheridge's habeas corpus matter generally, she gained standing when her property rights were impaired. We agree with Bennett that she has standing to challenge the habeas court's ruling on Etheridge's petition.

"Generally, only a party to a civil case, or one who has sought to become a party as by way of intervention and has been denied the right to do so, can appeal from a judgment. However, where judgment is entered against a nonparty, that nonparty becomes a party with standing to appeal." (Citations omitted.) Barham v. City of Atlanta, 292 Ga. 375, 376 (1) (738 SE2d 52) (2013); see Garibay v. Terry, 299 Ga. 701, 702 (791 SE2d 806) (2016)

3

("'[h]abeas corpus is a civil proceeding. . . .' [Cit.]"). Etheridge was ordered to pay Bennett restitution for back child support, so the judgment discharging the payment of that pre-existing arrearage is a judgment against Bennett, making her a party to the action. Bennett is directly aggrieved and thus has standing to challenge the court's judgment. See Barham, supra, 292 Ga. at 377 (1) (a) (although injunction directed against city, appellants had standing to challenge ruling where court's judgment contains findings of guilt and directs punitive action against appellants); see also Ford Motor Co. v. Young, 322 Ga. App. 348, 352 (1) (a) (745 SE2d 299) (2013) (attorney for party has standing to appeal order where "directly aggrieved" by judgment); cf. Baars v. Freeman, 288 Ga. 835, 839 (2) (a) (708 SE2d 273) (2011) (obligee under judgment requiring payment of child support may pursue all available remedies for enforcing judgment); OCGA § 19-6-35 ("[c]hild support obligee" means person to whom payment of a child support obligation is owed and includes a custodial parent; "child support obligee shall be regarded as a creditor, and a child support obligor shall be regarded as a debtor . . . for the purposes of attacking as fraudulent a judgment . . . or other arrangement interfering with the creditor's rights, either at law or in equity"). We therefore reverse the habeas court's

4

dismissal of Bennett's amended motion for new trial and remand this case for

the court to consider the motion on the merits.[2]

Judgment reversed and case remanded.  All the Justices concur.

---

[2] We note that Bennett appeals only from the dismissal of her amended motion for new trial. She raises no issue with regard to the arguments presented in her motion or to the underlying order on the petition for habeas corpus relief. Therefore, the absence of written findings of fact and conclusions of law in that order is not in issue here. See OCGA § 9-14-49.

Decided September 13, 2017.

Habeas corpus. Gwinnett Superior Court. Before Judge Beyers.

Drew Mosley, Andrew T. Mosley II, for appellant.

Dexter M. Wimbish, for appellee.